JOHN ALLEVA, as Trustee under a Trust Agreement Made with GIACOMO ALLEVA and MAURO DE VITO under Date of December 18, 1933, Respondent, v. ARTHUR TORNATORE and PASQUALE TORNATORE, Appellants.

First Department, June 24, 1938.

*J. Elliott-Weilhart* of counsel [*John V. Irwin*, attorney], for the appellants.

*Garry J. Fury*, for the respondent.

UNTERMYER, J. On February 1, 1923, the plaintiff, individually, purchased lots 20 and 21, as described on a map entitled " Map of Property of Whitehall Realty Company, White Plains Avenue, between E. 234th Street and Nereid Avenue, Borough of Bronx, New York City." These lots are situated on the northwest corner of Two Hundred and Thirty-fifth street and Barnes avenue in the borough of Bronx.

On lot 20, which is the more northerly lot, the plaintiff, in 1923, constructed a two-family brick house. Soon thereafter he also constructed a garage at the rear of lot 20, together with a concrete driveway leading from the garage to the street. This driveway, the subject of the present litigation, is seven feet in width and is built across the southerly three and one-half feet of lot 20 and the northerly three and one-half feet of lot 21.

On November 30, 1927, the plaintiff sold and conveyed both lots to Rosalia Tornatore. In part payment of the purchase price he received a second mortgage for $10,450 on lot 20. That mortgage contains no reference to any easement over the concrete driveway, half of which was constructed upon lot 21. The Special Term, however, upon sufficient evidence, found that from the time of construction until the commencement of the action the driveway had been in continuous use as such and that it was essential to the reasonable use and enjoyment of the premises. It held, accordingly, that under the rule expressed in *Spencer* v. *Kilmer* (151 N. Y. 390), an easement over the driveway would have existed in favor of a grantee of lot 20 and that the same principle operated in favor of a mortgagee. In reaching this conclusion, upon which it is unnecessary to express any opinion, the Special Term, we think, overlooked the circumstance that the plaintiff's mortgage has never been foreclosed.

On May 3, 1932, Rosalia Tornatore conveyed lot 21 to her sons, the defendants herein, by a deed which contained no reservation of any easement with relation to the property conveyed. Thereafter she defaulted on the plaintiff's mortgage. The plaintiff instituted foreclosure proceedings, during the pendency of which Rosalia Tornatore executed and delivered to the plaintiff, in his capacity as trustee, a deed to the mortgaged premises, dated December 18, 1933. This deed, in addition to conveying the premises together with the " appurtenances and all the estate and rights " of Rosalia Tornatore therein, also included " All the right, title and interest of the party of the first part [Rosalia Tornatore] in and to the streets, roads or lanes in front of or adjoining the said premises." Subsequently the defendants, by the erection of a fence through the center of the concrete driveway, sought to exclude the plaintiff from the use of so much of the driveway as was constructed on lot 21.

Assuming, without deciding, that the plaintiff's mortgage on lot 20 included also those apparent and visible easements which at that time were used by the owner for the benefit of the incumbered premises, it would still be necessary for the mortgagee to foreclose the mortgage as against any intervening subordinate interest before he would become entitled to the enjoyment of the easement. In the present case the defendants acquired the ownership of lot 21 after the creation of the plaintiff's mortgage. If we assume that their interest in lot 21 is subordinate to an easement created in favor of the plaintiff, as the Special Term decided, it would still require foreclosure proceedings to reduce those rights to possession. Without foreclosure, the plaintiff is not entitled to enforce the easement against the defendants, notwithstanding that his mortgage is in default. (*Sullivan* v. *Rosson*, 223 N. Y. 217.)

We think, however, that the plaintiff is in a position to enforce the easement under the deed of December 18, 1933, from Rosalia Tornatore. It is true that he thereby acquired only such rights as his grantor could convey and that these were limited by the interest which the defendants had previously acquired by the deed of May 3, 1932, conveying to them the ownership of lot 21. (*Green* v. *Collins*, 86 N. Y. 246.) That interest, however, was subject to an easement by implication in the driveway in favor of their grantor, Rosalia Tornatore. At the time of the conveyance of May 3, 1932, the concrete driveway was in the same condition as when first constructed and, although the garage at the rear had been demolished, was in continuous use by motor cars, as the court has found upon the testimony of the plaintiff and his wife. Apparently, after demolition of the garage on lot 20, the vacant space at the rear was continued to be used for the parking of cars by means of the driveway which formerly led to the garage. Under such circumstances the conveyance to the defendants by Rosalia Tornatore of lot 21 was subject to the servitude created for the benefit of lot 20, the existence of which was " open and visible." (*Lampman* v. *Milks*, 21 N. Y. 505; *Heartt* v. *Kruger*, 121 id. 386; *Fritz* v. *Tompkins*, 168 id. 524; *Winne* v. *Winne*, 95 App. Div. 48; *Wheeldon* v. *Burrows*, L. R. 12 Ch. Div. 31; Walsh on the Law of Property [2d ed], § 291.) That implied easement was acquired by the plaintiff by the conveyance to him of lot 20 on December 18, 1933.

By their notice of appeal the defendants also bring up for review an order which granted a temporary injunction herein and a further order which denied the defendants' motion to dismiss the amended complaint. In view of our conclusion, as previously stated, these orders should also be affirmed.

The judgment and orders should be affirmed, with costs.

O'Malley and Dore, JJ., concur; Martin, P. J., and Glennon, J., dissent, with opinions.

Martin, P. J. (dissenting). The facts are satisfactorily set forth in the opinion of Mr. Justice Untermyer.

From 1923 to 1927, while the plaintiff individually was the owner of the two lots in question, no easement existed. The rule is that where there is unity of ownership no easement exists, as the owner may at any time rearrange the several parts. This rule is applicable also while title to the two lots was in the name of Rosalia Tornatore, from 1927 to 1932.

It is true that the purchase-money mortgage given to plaintiff in 1927 covered only lot 20, upon which a house had been erected, but it is unnecessary to consider the effect of the giving of this mortgage or what rights might have been acquired by the purchaser on the foreclosure had the mortgage been foreclosed. Therefore, until Rosalia Tornatore conveyed lot 21 to her sons on May 3, 1932, no question of an easement entered into the situation.

The deed from Rosalia Tornatore to her sons contained no reservation of any right over lot 21, nor were the grantees given any rights over lot 20. It is claimed that upon a severance of two tenements, easements or servitudes were created depending upon the benefits and burdens mutually existing at the time. What was the situation? A two-family house had been erected on lot 20. Lot 21 was unimproved. The driveway had been constructed in part on lot 20 and in part on lot 21. It may not be said that the driveway was essential to a reasonable use and enjoyment of lot 21 in its unimproved state. There had been a portable garage on lot 20. Whether it was there at the time of the conveyance to the sons it is impossible to determine from the record. The presence of this portable garage, however, is indicative of a temporary arrangement.

The record shows that the driveway was used for the parking of automobiles. While this may have been convenient, there was present no element of necessity. The grantor and the grantees were mother and sons. They could make any family arrangement for mutual convenience without creating easement rights. In the absence of an express reservation the circumstances here do not warrant the conclusion that there was a reservation by implication. Neither the mother nor her sons raised any question of easement rights.

There is no doubt that the temporary garage was not on lot 20 when, on December 18, 1933, a deed to lot 20 was given to plaintiff in lieu of prosecuting to judgment a foreclosure action which had been instituted in connection with the purchase-money mortgage

given in 1927. This deed conveyed to the plaintiff such rights as the grantor had, which rights were limited by the interest which the defendants had previously acquired by the deed of May 3, 1932, conveying to them, without reservation, the full ownership of lot 21.

The plaintiff has failed to establish a cause of action, and the complaint should be dismissed. In view of this conclusion, the appeal, in so far as it involves orders granting a temporary injunction and denying defendants' motion to dismiss the amended complaint, should be dismissed.

The judgment should be reversed, with costs, and judgment directed in favor of the defendants dismissing the complaint, with costs.

GLENNON, J. (dissenting). I dissent.

There is no dispute as to the fact that plaintiff, John Alleva, in his individual capacity, erected a two-family house upon the inside lot, known as lot 20, and constructed a driveway which covered three and one-half feet of the corner lot, known as lot 21. He asserted that he erected a garage in the rear of the two-family house in 1924. An examination of his testimony indicates quite clearly, in that respect, at least, that he did not tell the truth.

Alleva, in 1927, conveyed both lots to Rosalia Tornatore and, as part of the purchase price, took back a purchase-money mortgage in the sum of $10,450 upon lot 20. No reference was made in the purchase-money mortgage or the deed to a right of way over lot 21. Surely, as Alleva claimed that lot 21 was burdened with an easement, appropriate words, which would give that effect, should have been written into the instrument.

Rosalia Tornatore, the owner of the two lots, in 1929, erected a portable garage on lot 20 in the rear of the house. Subsequently on May 3, 1932, she conveyed lot 21 to the defendants without reserving any right of way over the demised property. The driveway, according to the testimony of Arthur Tornatore, was used to gain access to the garage between 1929 and 1932. In the early part of the latter year the garage was moved over from the mother's lot to that of her sons. He testified that between 1932 and 1937 the driveway was not used for its original purpose. Incidentally, it might be remarked that there is no claim of fraud in either the removal of the garage or in the conveyance by Rosalia Tornatore to her sons.

In the year 1933 Rosalia Tornatore was apparently unable to pay the carrying charges on lot 20 and as a result an action to foreclose the mortgage on the property was instituted on Decem-

ber 5, 1933. The suit was discontinued and the matter adjusted between the plaintiff and Rosalia Tornatore by the delivery of her deed to the premises on December 18, 1933.

It is asserted by the plaintiff that the provision in that deed which reads: " Together with all the right, title and interest of the party of the first part [grantor] in and to the streets, roads or lanes in front of or adjoining the said premises " indicates that Rosalia Tornatore had an easement over her sons' lot at the time the conveyance was made. It is quite apparent that this claim is unfounded, since that provision can be found in almost any deed in that particular section due to the fact that prior to annexation it was a common practice among conveyancers to use those terms for descriptive purposes.

Judgment should have been rendered in favor of the defendants.

Judgment and orders affirmed, with costs.