William G. Easton, J.
This action was brought by plaintiffs for a declaratory judgment adjudging them owners of a dominant tenement with a prescriptive easement over part of the premises owned by one of the defendants, and further, for a judgment barring and enjoining the defendants from interfering with or disrupting the quiet enjoyment of plaintiffs’ right to the easement and for damages for withholding possession of the premises. While the owner, the mortgagee and the lessee of the premises were made parties to this proceeding and each duly served with a summons and complaint, only the owner has interposed an answer and defended. The lessee, the person who constructed the fence across the plaintiffs’ driveway, has defaulted. Likewise, the mortgagee, apparently not concerned with the easement, has defaulted.
Evidence not contradicted upon the trial was produced by the plaintiffs that at the time the original contract for the sale of the premises was made on April 23, 1925 a 10-foot strip of land was being used by the common owner for the purposes of ingress and egress. The plaintiffs have shown that such use of the premises must have been known to the purchaser since the contract for the sale expressly provided that the seller would reserve a 10-foot strip along the north boundary of the premises. The deed dated April 28,1925 and subsequently delivered pursuant to the contract, however, did not contain any reservation of the easement. Neither side has been able to explain the reason for the grantors having failed to reserve the right of way. Apparently, the reservation was omitted by oversight. The record shows that nine years later on May 28,1934, the contract was recorded. Prom this there is an inference that the purpose of recording the contract was to attempt to record the easement and place others on notice of its existence.
The court finds that the plaintiffs are entitled to an easement by implication. The ease of Alleva v. Tornatore (254 App. Div. 525 [1938], affd. 279 N. Y. 770 [1939]) involves a similar set of circumstances and would seem to be applicable here.
There, the plaintiff, the owner of two lots Nos. 20 and 21 in his individual capacity, after constructing a driveway straddling the lots, sold them both to a common owner taking back a second mortgage on the northerly lot, No. 20. No reference was made to the easement in the mortgage of Lot 20. The new common owner in turn sold Lot 21 to her sons, the defendants, with no reservation of the easement. After the plaintiffs threatened to foreclose the mortgage on Lot 20 the owner conveyed it to him in his capacity as trustee for another. A dispute arose upon the defendants ’ constructing a fence through the center of the drive *452 way. In resolving the dispute, the court held (p. 526) that an easement for the benefit of the plaintiff would be implied since the driveway was open and visible and “ essential to the reasonable use and enjoyment of the premises ”.
Here, the easement was open and visible and has been shown to have been used continuously since before the original sale of the premises in question up to the time of this lawsuit. Finally, due to the topography of the land, the use of the driveway as claimed by the plaintiffs was reasonably necessary for the enjoyment of the premises retained by the original grantor. For these reasons the court concludes that the plaintiffs have laid a proper basis for finding that an implied easement should be held to exist.
In addition, it would seem that a prescriptive easement has been established. Although the original owner of the premises could not have claimed possession adverse to his own grantee at the time that the warranty deed was given — since he would have nothing upon which to base his claim — by the subsequent recording of the contract for the sale of the premises, the grantor established full color of title upon which the plaintiffs can now rest their claim of adverse possession. As the court stated in Morrison v. Fellman (150 Misc. 772, 775 [1934]), quoting from the decision in La Frombois v. Jackson (8 Cow. 589): “ ‘ If the entry is under color of title, the possession will be adverse, however groundless the supposed title may be. The fact of possession and its character, or the quo animo of the possessor, are the test.’ ” (See, also, Miller v. Garlock, 8 Barb. 153 [1850].)
This case is distinguishable from the fact situation in Van Roo v. Van Roo (268 App. Div. 170, affd. 294 N. Y. 731 [1944]), relied upon by the defendants. In that case, there was no provision in the contract for the sale of the premises for the reservation of an easement, thus, precluding the possibility of raising the issue of color of title. Furthermore, the court found that the element of necessity was not present.
Having permitted the plaintiffs and their predecessors in title to use the right of way under a claim of right for a period exceeding 15 years without having raised any objections to such use, the plaintiffs are hereby adjudged to have an easement in the 10-foot strip of land across the premises owned by the defendant, Cladot Product, Inc. As to the plaintiffs’ request for damages, the court concludes that the plaintiffs have failed to substantiate their claim.