■ HARLAND E. LUMNAH et al., Respondents, v. WILLIAM ROGERS et al., Appellants.— STALEY, JR., J. Appeal from a judgment of the Supreme Court in favor of respondents, entered March 13, 1969 in Chenango County, upon a decision of the court at Trial Term, without a jury. The respondents are the owners of Lot No. 3 on the west side of Henry Street as shown on the map entitled "West Side Building Lots, New Berlin, New York". The appellants are the owners of the adjacent lots on the south designated as Lots Nos. 1 and 2 on said map. The respondents acquired title to Lot No. 3 on October 3, 1964, and the defendants acquired title to Lots Nos. 1 and 2 on November 15, 1966. The deed to Lot No. 3 contained the following provision, to wit: "The above described premises are subject to a right-of-way nine feet wide across the westerly end of said lot to be used and enjoyed by the owners and occupants of Lots Nos. 1, 2, and 3 as described on said map". The abstract of title of the appellants' premises indicates that Lot No. 2 was conveyed and accepted "subject to the reservation of a right-of-way nine feet wide across the westerly end of the said lot to be used and enjoyed by the owners and occupants of lots numbers 1, 2, 3, and 4, as described on said map". The conveyance of Lot No. 1 contained no such reservation, but this lot was conveyed in the year 1906 by the common grantor subsequent to the conveyances of Lots Nos. 2 and 3 to the then owner of Lot No. 2. Shortly after the appellants acquired title to Lots Nos. 1 and 2 they commenced blocking the driveway with their automobile, despite requests not to do so. The respondents then brought this action seeking an adjudication that they are the owners of and entitled to use and possession of the right-of-way located westerly of the appellants' residence, and that the appellants be enjoined from blocking or obstructing said right-of-way. The appellants counterclaimed seeking a judgment dismissing the complaint, and enjoining the respondents from entering into and upon their premises. The court granted a judgment to the respondents and dismissed

the counterclaims. The appellants contend that no easement by grant was reserved to the respondents over Lot No. 1; that the easement reserved in the grant to Lot No. 2 was only along the westerly line of Lot No. 2; and that respondents have no easement by prescription over the existing driveway. At the opening of the trial appellants conceded that respondents had a right-of-way by grant over the westerly end of the lots; that they were not contesting the fact that respondents had an easement; and that the only issue is where the driveway should be. Appellants, having admitted at the trial that the respondents had an easement by grant over their properties, that became the law of the case, and they may not now raise the issue for the first time that respondents have no easement across Lot No. 1. The issues raised on this appeal are whether the respondents obtained an easement by grant over the driveway and/or acquired an easement by prescription over the said driveway. The record indicates that the driveway across the lots is nine feet wide, and is located just west of the center line of the lots; that the driveway has been in this location since 1927; that up to the year 1953 it was a dirt driveway; and that Arno Bennett, who purchased Lot No. 3 in 1953, had the driveway blacktopped across Lots Nos. 1, 2 and 3 and paid for the cost thereof. The topography of the area is such that the lots in question slope up 20 feet to the point where the residences are situated, then level off to the westerly line of the driveway where they then slope up six feet to the westerly line of the lots. A tool shed is located at the northwest corner of Lot No. 2 and a large cobblestone fireplace is located west of the driveway between Lots Nos. 1 and 2. The undisturbed use of the easement in its present location, and the unqualified acquiescence in such use from 1927 down to the date of appellants' purchase of the servient premises in 1966 should be given great weight in the construction of the grant and the reservation. The issue here is the location of the easement under the grant, which depends upon the intention of the parties as interpreted from the terms of the deeds, the topography of the land involved, and from the practical construction of the intent of the grantor and grantee and their successors in title. (*French* v. *Carhart*, 1 N. Y. 96, 102; *Alleva* v. *Tornatore*, 254 App. Div. 525, affd. 279 N. Y. 770; *Ochs* v. *Cladot Prods.*, 37 Misc 2d 450; 2 Warren's Weed New York Real Property, Easements, § 16.01.) Under the circumstances here, we conclude that the words "across the westerly end of said lot" were intended to indicate the westerly portion of the lot, and not restricted to the westerly line of the lot, and that the easement was intended to permit the location of a driveway where it is presently located. In addition the respondents and their predecessors in title have used the easement for over a period of 40 years without interference or challenge. This use was open, notorious, continuous and adverse under a claim of right, and thus fulfilled the requirements of adverse possession and prescription (*Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505; *Viscusi* v. *Canestrano*, 11 A D 2d 838). In our opinion respondents are entitled to use the easement over the driveway on lots Nos. 1 and 2 owned by appellants both by grant and prescription. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.