■ In the Matter of BUILTLAND PARTNERS, Respondent, v JACK LALANNE BILTMORE HEALTH SPA, INC., Appellant. — Interlocutory judgment, Supreme Court, New York County (Tyler, J.), entered April 20, 1982, which, *inter alia,* determined that petitioner is entitled to specific performance of a certain

provision in article 50 of the lease between the parties and appointed an appraiser to determine the amount due as additional rent under a reappraisal of electricity and steam costs, unanimously modified, on the law, without costs or disbursements, so as to strike the first and third decretal paragraphs and to substitute for the fifth decretal paragraph the following: "That petitioner's application for judgment is granted to the extent of directing the firm of Economides and Goldberg to revise the reappraisal report, dated July 2, 1982, so as to cover the period from August 1, 1978, based upon usage and rates prevailing as of June 30, 1977 and upon the filing of such verified report, the parties may move by formal notice of motion to confirm, modify or vacate the appraisal"; and, except as thus modified, the judgment should be affirmed. Judgment of Supreme Court, New York County (Tyler, J.), entered August 10, 1982, awarding petitioner $196,197.86 unanimously reversed, on the law, without costs or disbursements, and the judgment vacated. This controversy centers around the landlord's right to have the cost of electricity and steam, which the tenant is purchasing from the landlord on a rent inclusion basis, reappraised for the second five-year term of the lease. The critical lease provision is: "the amount to be included as rent to be determined by a mutually satisfactory electrical engineer, and reappraised every fifth year during the term hereof by a similar procedure." We reject the tenant's interpretation that this clause requires that any such reappraisal occur in the fifth year of the lease. Neither side presented extrinsic evidence of the clause's meaning. In such circumstances its meaning should be derived from the matter within the four corners of the document. We interpret the clause to mean that the additional rent for electricity and steam was subject to change every fifth year during the 21-year term of the lease and that such change was to be based on the rates and usage during the particular fifth-year term of the lease in issue. In an earlier appeal Appellate Term, in affirming the dismissal of the landlord's nonpayment proceeding, erroneously fixed September, 1978 as the relevant date for rates and usage. Since the lease commenced on July 1, 1972, the relevant period for rates and usage in a fifth-year appraisal is the year commencing July 1, 1976 and ending June 30, 1977. For the sake of convenience we direct that June 30, 1977 be the critical date for fixing rates and usage. In addition, Special Term erred in holding that Appellate Term's determination as to the rights of the parties with respect to a reappraisal of the electricity and steam charges could not be relitigated. Since Appellate Term's discussion of the issue was not necessary to the determination of that appeal, the parties were not barred by collateral estoppel from relitigating the issue. (*Hinchey v Sellers,* 7 NY2d 287, 293.) Nor should Special Term have dismissed the tenant's counterclaim for declaratory relief on the basis that it was not entitled to the declaration it sought. In such cases the court, rather than dismiss, should make the declaration (*Lanza v Wagner,* 11 NY2d 317, 334), as the court did here when it declared that article 50 was binding upon the parties. Inferentially, this was a declaration rejecting the tenant's defense and counterclaim based upon waiver. Finally, since the landlord originally sought increased electricity and steam charges retroactive to August of 1978, we believe that the new charges based on a fifth-year appraisal should take effect from August 1, 1978. The judgment entered August 10, 1982 must be vacated since the reappraisal was conducted under the erroneous standards permitted by the interlocutory judgment. Moreover, the requirement contained in the interlocutory judgment that a motion be made for entry of a final judgment based upon the appraiser's report was not met here. The landlord merely submitted a judgment for settlement, without notice of motion or supporting

affidavit, thereby depriving the tenant of its right to challenge the appraisal award. (See *Matter of Penn Cent. Corp. [Consolidated Rail Corp.]*, 56 NY2d 120, 130.) Concur — Sullivan, J. P., Asch, Bloom, Milonas and Kassal, JJ.