■ BONNIE BRIGGS et al., Respondents, v JOSEPH J. DI DONNA et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Simone, Jr., J.), entered May 31, 1990 in Saratoga County, which, *inter alia,* in an action pursuant to RPAPL article 15, determined plaintiffs' rights to easements over lands owned by defendants.

Plaintiffs and defendants are the owners of various parcels of real property near Saratoga Lake in the Town of Malta, Saratoga County. The two relevant parcels owned by defendants, designated as lots 4 and 5 on the Town tax map, are located directly on the shore of Saratoga Lake, north of the intersection of a private roadway, known as Oak Avenue, and Shore Avenue which forms the southern boundary of the lots.

The parties' subdivided lots were all originally part of a larger farm property owned by Reid Arnold and Edith Arnold. The Arnolds first conveyed the five lots currently owned by plaintiffs in the early 1920s by deeds which each granted an easement over what is now defendants' lot 5 to the shore of the lake. Defendants' lot 5 passed through the Arnolds' estate and another estate and was first deeded out in 1975.

As the result of a dispute between the parties, plaintiffs commenced the instant RPAPL article 15 action seeking, *inter alia*, a judgment declaring that they have an easement measuring 16 feet in width over lot 5 and that they are entitled to construct a dock at the north end of the easement to be used in common for the purpose of maintaining one boat each along the shore. After issue was joined, Supreme Court partially granted plaintiffs' motion for summary judgment, declaring only the existence of an easement in plaintiffs' favor over lot 5. Subsequently, defendants amended their answer to assert counterclaims for various injunctive and declaratory relief.

At the conclusion of the nonjury trial, Supreme Court awarded judgment in favor of plaintiffs declaring, *inter alia,* that a 16-foot wide easement exists on lot 5 along the western boundary thereof (the boundary line between lots 4 and 5) and that plaintiffs are entitled to use the easement either by foot or with vehicles to obtain access to Saratoga Lake and to construct a dock at the foot of the easement to be used in common with defendants. The judgment also directed defendants to remove all obstructions then existing on the easement within 30 days including, but not limited to, a rock garden and a shed. This appeal ensued.

Defendants' main contention on this appeal is that the proof at trial did not support Supreme Court's determination regarding the width and location of the easement and plaintiffs' entitlement to construct a dock at the foot of the easement.* We disagree. While the grant language contained in plaintiffs' deeds does not permit precise identification of the location or width of the easement or the extent of the grantees' rights therein, the trial record contains ample other proof as to the prior undisturbed use of the easement and the intention of the grantors and grantees and their successors in title to support Supreme Court's resolution of these issues *(see, Herman v*

---

* Defendants also dispute that plaintiffs are entitled to any easement over lot 5. However, defendant Joseph J. Di Donna admitted the existence of the easement at trial.

*Roberts,* 119 NY 37, 42-43; *Lumnah v Rogers,* 33 AD2d 596, 597). Because the court's findings in this regard were based upon its firsthand assessment of the evidence, they are entitled to deference by this court *(see, Saulpaugh v State of New York,* 132 AD2d 781, 782).

With regard to the location and width of the easement, plaintiffs' expert, a title agent who had examined the deeds in the chains of title of both plaintiffs and defendants, testified that the easement appeared to be an extension of the 16-foot-wide Oak Avenue up the common boundary line of lots 4 and 5 to Saratoga Lake. Further, the testimony of plaintiff Helen Brady and Richard Mangino, president of plaintiff Mangino's Restaurant, Inc., established that the easement over lot 5 had been used for more than 30 years at the eastern boundary of lot 4 as the natural continuation of Oak Avenue (also known as 8th Avenue) to the shore of the lake. There was also uncontradicted testimony that the 16-foot-wide Oak Avenue was originally a gravel roadway which ran uninterrupted from State Route 9P to Saratoga Lake. Notably, the foregoing testimony is consistent with certain language contained in plaintiffs' deeds indicating that the grantors intended the grantees to have access to the lake from Oak Avenue. Despite defendants' assertion to the contrary, they failed to prove by clear and convincing evidence that plaintiffs abandoned any portion of the easement *(see, Del Fuoco v Mikalunas,* 118 AD2d 980, 981).

As to plaintiffs' construction of a dock at the foot of the easement, we note that there is no language in any of plaintiffs' deeds expressly granting such a right. However, Brady and Mangino both testified that a dock was maintained in common at the end of the easement for a substantial number of years (i.e., from at least 1938 until 1976). Additionally, several photographs dated in the 1980s were offered by plaintiffs showing a dock at the end of the easement. In view of the foregoing proof, we cannot conclude that Supreme Court erred in finding that maintenance of a dock was a reasonable use of the easement and incidental to plaintiffs' rights under their deeds to either keep or land a boat on the shore of the lake *(see, Joss v Niagara Mohawk Power Corp.,* 41 AD2d 596).

We are unpersuaded by defendants' assertion that they should be permitted to erect a gate or other barrier on the easement to prevent access by unauthorized persons. "Whether the grantee of [a] right-of-way is entitled to a way unobstructed by gates * * * depends * * * upon the terms of the grant, the purposes for which it is made, the nature and

situation of the property, and the manner in which it has been used" (2 Thompson, Real Property § 431, at 690 [1980 replacement], citing, *inter alia, Bakeman v Talbot,* 31 NY 366). Here, the terms of the grants as expressed in plaintiffs' deeds, together with the trial testimony regarding past use of the easement and the nature and location of the easement, suggest that the grantor intended to facilitate free access to the lake by his grantees. To the extent that the erection of a gate or other barrier would create an obstacle to reaching the lake, it would be inconsistent with that purpose *(see, Missionary Socy. of Salesian Congregation v Evrotas,* 256 NY 86, 90). Thus, we decline to disturb Supreme Court's decision refusing to permit defendants to erect any type of barrier on the easement over lot 5.

We find no basis in the record, however, to support that part of Supreme Court's judgment directing defendants to remove their shed from the easement. Testimony offered by plaintiffs established that the shed, if even on the easement, created no obstacle to access to the lake. Indeed, plaintiffs' counsel indicated in her closing statement that plaintiffs had no objection to the location of the shed. Recognizing defendants' right to use their land in any manner not inconsistent with the rights of plaintiffs *(see, Hurd v Lis,* 92 AD2d 653, 654), Supreme Court's judgment should be modified to delete that portion requiring removal of the shed.

Finally, we find no merit in defendants' contention that Supreme Court improperly dismissed their counterclaims seeking declaratory relief without declaring the rights of the parties. Viewed in its entirety, Supreme Court's judgment adequately declared, at least inferentially, the majority of the parties' rights as disputed in defendants' counterclaims *(see, Matter of Builtland Partners v LaLanne Biltmore Health Spa,* 93 AD2d 727, 728). However, we agree with defendants that the court did not make an adequate declaration of the parties' rights with respect to future maintenance of the easement. Although plaintiffs do not dispute that they are required by the terms of their grants to help defendants maintain the easement in common, Supreme Court's suggestion that the parties agree on the work to be done in the future is ineffective to enforce plaintiffs' obligations. Because the record is insufficient as to the amount and nature of the necessary maintenance expenses and the parties' proportionate shares thereof, the matter should be remitted to enable the parties to submit proof on these issues. We have examined

defendants' remaining arguments and find them to be without merit.

Mahoney, P. J., Casey, Mikoll and Harvey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by deleting so much thereof as directed defendants to remove their shed from plaintiffs' easement over lot 5; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.