■ HELEN G. HOFECKER, Appellant, v WILBUR J. HOFECKER, Respondent.—Weiss, P. J. Appeal from an order of the Supreme Court (Rose, J.), entered September 11, 1990 in Tioga County, which modified the maintenance award contained in the judgment of divorce.

The 28-year marriage of these parties was dissolved by a divorce decree entered March 13, 1986 which incorporated but did not merge a December 2, 1985 stipulation relating to distribution of marital property. Supreme Court ordered that maintenance of $225 weekly be paid from May 16, 1986 until defendant retired, plaintiff became 62 years of age or other changes in circumstances occurred. Plaintiff was awarded $87,218 as equitable distribution plus $5,741 and $200 monthly for seven years as payment for her share in defendant's pension. Following defendant's early retirement in April 1990, plaintiff moved for modification of the maintenance award. A stipulation was entered into which provided for the reduction of maintenance in proportion to the reduction in income from defendant's full salary of $74,192 annually to the pension received in the sum of $29,826, which

reduced maintenance would continue until plaintiff became eligible for Social Security. As the result, plaintiff's weekly maintenance was reduced to $90.45.

Defendant received the lump sum of approximately $76,000 as an early retirement incentive based upon his salary and years of service. The parties stipulated that the sole issue to be resolved by Supreme Court in this litigation was the maintenance award for the year in which defendant retired, and specifically whether defendant's receipt of the early retirement incentive should result in a continuation of the previous rate of maintenance for the year.

The proof before Supreme Court showed that plaintiff had already stipulated to a buy-out of her interest in defendant's pension which was being paid to her at the time of this proceeding. Plaintiff earns $8,130 annually from part-time employment and additionally has gross receipts of $7,000 a year from a marginally profitable picture framing business operated out of her residence which pays some housing-related expenses. Plaintiff also receives passive income of approximately $1,000 per year. The proof showed that defendant took early retirement for reasons of health and that he opted for higher pension benefits with no residual payments to his present wife which effectively results in higher maintenance to plaintiff. He used a large portion of the lump-sum payment to purchase life insurance coverage to provide for his present wife. Supreme Court denied plaintiff's claim to any portion of the lump-sum retirement incentive and this appeal by plaintiff followed.

The parties direct their arguments solely* to the weight to be applied to various evidentiary facts. Supreme Court's findings were based upon its first-hand assessment of the evidence and are entitled to deference by this court (see, Briggs v Di Donna, 176 AD2d 1105). Here, the record fully supports the determination by Supreme Court and its order should be affirmed.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The briefs make no reference to any statutory provisions or case law, and raise no issues of law. Accordingly, all other issues are deemed abandoned (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901).