■ EDWARD DUKETT, Appellant, v ANDREW WILSON et al., Respondents. [818 NYS2d 337]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered September 21, 2005 in Franklin County, upon a decision of the court in favor of defendants.

In September 1990, Rudolph Palyswiat and his wife purchased a home on a pie-shaped parcel of land located at 10 Virginia Street in the Town of Harrietstown, Franklin County. That parcel contained approximately 50 feet of westerly frontage on Virginia Street and narrowed to a northeasterly point. Notably, the Palyswiat deed referenced a 20-foot right-of-way (hereinafter ROW) "to freely pass and repass" over property owned by plaintiff which served as an alleyway running west to east and cutting through the middle of the block and connecting Virginia Street to Broadway on the other side. As relevant herein, the ROW abutted the southern border of the Palyswiat parcel. The record demonstrates that, shortly after purchasing the 10 Virginia Street property, the Palyswiats built a parking lot that extended south from their property onto the western end of the ROW on Virginia Street, cutting off ingress and egress from that end. After plaintiff objected, the Palyswiats removed the obstruction to the ROW, although one corner of a small triangular section of a retaining wall built to shore up a parking area on the southern side of the Palyswiat residence protruded into the ROW approximately three to four feet at its southernmost tip.[1] The existence of the retaining wall and the location of the ROW and the parties' respective property lines were demonstrated in a survey map that plaintiff commissioned from surveyor Donald Hill in 1991.

In September 2000, defendants purchased 10 Virginia Street from the Palyswiats and their deed made reference to the ROW. However, soon after the purchase, defendants hired a contractor, who filled in and blocked the ROW by extending the parking lot to the south of their property. Plaintiff protested about the encroachment, but defendants did not remove it.

Subsequently, plaintiff commenced this action seeking monetary and equitable relief. The amended complaint set forth

---

**1.** While plaintiff testified that the railroad ties making up the retaining wall and parking lot were originally installed without his permission, he also stated that, after he told Palyswiat in 1990 to remove the obstruction to the ROW, Palyswiat left the railroad ties constituting the retaining wall, "because there was a post holding it; and if [Palyswiat] removed the post, the whole thing would have come down." According to the survey map in the record, which contained a distance scale, as well as testimony at trial from plaintiff and the surveyor, the parking area encompassed within the retaining wall, including the triangular protrusion into the ROW, measured approximately nine feet from defendants' residence along its southern border.

two causes of action, the first in trespass for defendants' alleged intrusion onto, among other things, plaintiff's property adjoining the easement to the south, and the second seeking a determination that defendants abandoned their right to use the ROW as a result of their actions in blocking it, as opposed to using it as a means of ingress and egress. In their answer, defendants admitted that they have "a deeded 20-foot right-of-way" over property owned by plaintiff and asserted two counterclaims. The first counterclaim sought a declaration that, among other things, defendants and their successors would be "forever benefitted by the 20 foot wide easement" described in their deed and they would have the right to use said "area by foot or with vehicle for the purpose of securing reasonable access to the street adjoining same." In their second counterclaim, defendants sought damages for, among other things, the alleged trespass by plaintiff and his tenants over their property, i.e., a walkway (hereinafter walkway A) located at the northeast tip of defendants' parcel. In plaintiff's reply to that pleading, he alleged as an affirmative defense that he "has an easement by adverse possession" over walkway A.

Thereafter, plaintiff moved for summary judgment and defendants cross-moved seeking various relief. In a decision and order dated August 29, 2003, Supreme Court, among other things, granted plaintiff's motion for summary judgment on the trespass cause of action, noting that defendants conceded that their property "is benefitted by a 20-foot right-of-way across [p]laintiff's property" and the bare affirmation from defendants' attorney did not raise any questions of fact. The court ruled that plaintiff's damages for defendants' intrusion, if any, would await trial. As for plaintiff's second cause of action that defendants abandoned their right to use the ROW, the court denied summary judgment since there was inadequate proof presented on that issue. Regarding defendants' counterclaims, the court noted that defendants' first counterclaim seeking enforcement of the ROW was moot due to the established "existence of a deeded right-of-way" over plaintiff's property. With respect to defendants' second counterclaim, Supreme Court held that there was insufficient proof for it to make a determination as to whether plaintiff had trespassed on walkway A. However, the court noted that, to the extent that the second counterclaim could be construed as claiming a property right over the ROW and sought damages "for trespass as against [p]laintiff *vis a vis* the deeded right-of-way," such a claim was

"foreclosed," i.e., dismissed.[2] Thereafter, defendants removed the obstruction blocking the ROW.

Subsequently, after a nonjury trial, Supreme Court, in a decision entered September 21, 2005, dismissed both plaintiff's trespass and abandonment of easement claims without referring to its prior summary judgment decision and order. The court ruled that *defendants* had acquired title by adverse possession over part of the ROW, declared that defendants "are the owners in fee of the parking area having a width of 25 feet from the side of their [residence]" and found that "[p]laintiff did trespass on [d]efendants' property when he used heavy equipment" to regrade the ROW after defendants removed the parking area. The court also determined that plaintiff owed defendants $2,000 in damages for that trespass. Additionally, Supreme Court found that plaintiff had not acquired a prescriptive easement over walkway A on defendants' land and made no finding as to defendants' counterclaim for damages relating to plaintiff's alleged trespass to that area. This appeal by plaintiff ensued.

Initially, we agree with plaintiff's contention that Supreme Court's ruling after trial that defendants acquired title to a portion of the ROW by adverse possession and awarded damages in trespass against plaintiff was not in accordance with the law of the case doctrine. Notably, that doctrine "addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation *before* final judgment" (*People v Evans*, 94 NY2d 499, 502 [2000]). "Once a point is decided within a case, the doctrine of law of the case makes it binding not only on the parties, but on the court as well" (Siegel, NY Prac § 448 [4th ed]). Significantly, as relevant herein, "[a] grant of summary judgment establishes the law of the case as to the issues essential to that determination" (28 NY Jur 2d, Courts and Judges § 269).

Upon review of Supreme Court's August 2003 decision and order, which was entered into evidence at trial, we find that the court's ruling in plaintiff's favor which, among other things, dismissed defendants' first counterclaim and that part of the second counterclaim attempting to assert a property right over the ROW was final and binding on those issues. Furthermore,

---

2. Thus, it appears from the language of the summary judgment decision and order that the only issues remaining to be resolved at trial were (1) any damages due plaintiff as a result of the obstruction to the ROW and claimed trespass to his property adjoining the ROW, (2) plaintiff's cause of action that defendants abandoned the ROW, and (3) defendants' counterclaim seeking damages for plaintiff's alleged trespass on walkway A.

to the extent that it could be argued that the grant of summary judgment in plaintiff's favor was in error, we note that defendants stated in their pleadings that plaintiff owned the property where the ROW was located and, in fact, sought in their first counterclaim to *enforce* the ROW for purposes of ingress and egress, a position inconsistent with a claim that they owned the property by adverse possession (*cf. City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 124 [1982], *appeal dismissed* 58 NY2d 824 [1983]; *Lumnah v Rogers*, 33 AD2d 596, 597 [1969]). Since the affidavit from defendants' attorney submitted in opposition to plaintiff's summary judgment motion was insufficient to raise any genuine issues of fact as to plaintiff's ownership of the ROW, Supreme Court did not err in granting partial summary judgment to plaintiff (*see Wagman v Village of Catskill*, 213 AD2d 775, 778 [1995]).

Next, we note that although plaintiff raises several arguments challenging the sufficiency and/or propriety of Supreme Court's finding that defendants established the elements of adverse possession with respect to the end of the ROW bordering Virginia Street,[3] it is unnecessary to reach them in light of the above conclusion with respect to the August 2003 decision and order. Regarding plaintiff's claim for damages relating to the obstruction to the ROW and his adjoining property, we note that, aside from testimony that he paid $400 to have the disputed area resurveyed as a result of defendants' actions, plaintiff provided insufficient proof to justify a greater award. There is no question that defendants removed the obstruction to the ROW prior to trial and although plaintiff testified that he had to personally perform some regrading with his own backhoe as a result of this, his testimony as to the time and value of such work was too vague to support an award of damages in that regard. Additionally, given all the circumstances, we do not find an award of punitive damages to be appropriate.

Finally, we have examined plaintiff's remaining arguments and find them unavailing. For example, we cannot determine, upon review of the proof at trial regarding defendants' use of the ROW, that plaintiff established that defendants had abandoned their right to use it for ingress and egress by clear and convincing evidence (*see B.J. 96 Corp. v Mester*, 222 AD2d 798, 800 [1995]). Furthermore, given, among other things,

---

3. For example, plaintiff complains that, because he believed that the issue of his ownership of the ROW had been determined in the summary judgment motion, he did not present proof at trial, other than his own testimony, that would contradict a claim of adverse possession of the ROW by defendants.

plaintiff's acknowledgment that Palyswiat "let" him use walkway A, we find no error in Supreme Court's ruling that plaintiff did not acquire a prescriptive easement over that area (*see Knapp v Hughes*, 25 AD3d 886, 891 [2006]).

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as found that defendants acquired a portion of plaintiff's land by adverse possession and awarded damages; $400 awarded to plaintiff in damages; and, as so modified, affirmed.