DANIEL J. LEDLEY et al., Appellants, v D.J. & N.A. MANAGEMENT, LTD., Respondent. [898 NYS2d 586]—

In an action pursuant to RPAPL article 15 to compel determination of a claim to real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 15, 2008, as, af-

ter a hearing, in effect, denied that branch of their motion pursuant to CPLR 5104 which was to hold the defendant in contempt of court for its failure to obey an order and judgment (one paper) of the same court (Hickman, J.), entered January 12, 1995, and, sua sponte, directed the parties, inter alia, to implement those portions of a traffic engineer's report which would clearly mark the easement area and provide a designated place for delivery vehicles to unload, and which pertained to the cleaning and repairing of the parking surface of both the plaintiffs' parcel and the part of the defendant's parcel that is outside of the easement area, and the painting of parking space demarcations on certain portions of said parcels that are outside of the easement area.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the parties, inter alia, to implement those portions of a traffic engineer's report which would clearly mark the easement area and provide a designated place for delivery vehicles to unload, and which pertained to the cleaning and repairing of the parking surface of both the plaintiffs' parcel and the part of the defendant's parcel that is outside of the easement area, and the painting of parking space demarcations on certain portions of said parcels that are outside of the easement area is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated October 15, 2008, is modified, on the law, by deleting the provision thereof directing the parties to implement those portions of the traffic engineer's report which pertained to the cleaning and repairing of the parking surface of both the plaintiffs' parcel and the part of the defendant's parcel that is outside of the easement area, and the painting of parking space demarcations on certain portions of said parcels that are outside of the easement area; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties own adjoining parcels of land in Brewster. In 1995 the plaintiffs obtained an order and judgment, inter alia, declaring that their parcel is benefitted by an express easement to pass and repass over a designated portion of the defendant's property. The easement includes the right to have deliveries made from within the easement area as long as the delivery vehicles do not remain for more than 30 minutes. The plaintiffs, who operate a restaurant and bar on their property, acknowledge that their employees and customers park in the easement area and in the defendant's adjacent parking lot. Archilles

Doupis, the owner of the defendant corporation, acknowledged that he had placed chains and barricades within the easement area in an attempt to prevent the illicit parking. The plaintiffs moved by order to show cause to hold the defendant in contempt for obstructing the easement area. The defendant cross-moved, inter alia, to hold the plaintiffs in contempt and to enforce the terms of the easement.

The Supreme Court declined to hold either party in contempt, finding that while both parties had violated the terms of the easement, there was no "intentional contempt," only "stubbornness and hard headed attitude on both sides." However, the Supreme Court, sua sponte, directed the parties, inter alia, to implement those portions of a traffic engineer's report which would clearly mark the easement area and provide a designated place for delivery vehicles to unload, and which pertained to the cleaning and repairing of the parking surface of both the plaintiffs' parcel and the part of the defendant's parcel that is outside of the easement area, and the painting of parking space demarcations on certain portions of said parcels that are outside of the easement area.

In light of the plaintiffs' own violations of the terms of the subject easement, the Supreme Court providently exercised its discretion in denying their motion to hold the defendant in contempt for obstructing portions of the easement area (cf. *Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944 [2009]; *Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]). Contrary to the plaintiffs' contention, the Supreme Court was not required to continue the hearing on the contempt motions when no factual issues were in dispute (cf. *Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]; *Quick v ABS Realty Corp.*, 13 AD3d 1021, 1022 [2004]; *Bowie v Bowie*, 182 AD2d 1049, 1050 [1992]).

Contrary to the plaintiffs' contention, the order appealed from did not modify the 1995 order and judgment, or diminish the plaintiffs' rights thereunder. The easement provides the plaintiffs with a right-of-way over a designated portion of the defendant's property, "including such reasonable use as parking for short periods of time" by delivery vehicles (*Ledley v D.J. & N.A. Mgt.*, 228 AD2d 482, 483 [1996]). Such "reasonable use" does not include parking by the plaintiffs' employees and customers, or the parking of multiple delivery vehicles in such a way as to block access to the defendant's parking lot, which relies upon the subject easement area as a means of entry and exit.

The Supreme Court properly directed the parties to imple-

ment those portions of the traffic engineer's report which would clearly mark the easement area and provide a designated place for delivery vehicles to unload. However, we agree with the plaintiffs that those portions of the report which pertained to the parties' respective parking lots outside of the easement area were not related to the enforcement of the subject easement and, therefore, directing implementation of those portions of the report was improper.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.