Matter of Paul Calcagno, Jr. Dev. LLC v Village of Kinderhook, N.Y. (2025 NY Slip Op 05999)

Matter of Paul Calcagno, Jr. Dev. LLC v Village of Kinderhook, N.Y.

2025 NY Slip Op 05999

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-0632
[*1]In the Matter of Paul Calcagno, Jr. Development LLC, Appellant,
v
Village of Kinderhook, New York, et al., Respondents.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Lynch, Fisher and Mackey, JJ.

Young/Sommer LLC, Albany (Joseph F. Castiglione of counsel), for appellant.
Law Office of Robert J. Fitzsimmons, PLLC, Kinderhook (Robert J. Fitzsimmons of counsel), for Village of Kinderhook, New York and another, respondents.
Henry Neal Conolly, Kinderhook, for The Hat Factory LLC, respondent.

Mackey, J.
Appeal from a judgment of the Supreme Court (Sara McGinty, J.), entered March 7, 2024 in Columbia County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted the counterclaim of respondent The Hat Factory LLC and declared, among other things, that its property benefits from an easement.
Petitioner and respondent The Hat Factory LLC own properties near the corner of Broad Street and Hudson Avenue in the Village of Kinderhook, Columbia County. Their properties adjoin in the rear corner of each; in between them at the corner of Broad Street and Hudson Avenue is a wedge of property (hereinafter the corner parcel) owned by respondent Village of Kinderhook. The Village received the corner parcel as the result of two transactions. The first occurred in 1944, when the Hat Factory's predecessor in title, Augustus Torres, deeded land adjoining his parcel to the Village Trustees. The second occurred in 1945, when petitioner's predecessors in title, George Dunham and Jean Dunham, deeded some of their land to the Village Trustees while retaining a "right of way for ingress and egress, and for such other purposes as are proper and customary to the use of" their remaining property that served as a loading road to reach the back of their property. The 1945 deed included certain restrictions and reservations, including that the Village would not obstruct or use the right-of-way for parking purposes.
In 2021, the Hat Factory applied to respondent Board of Trustees of the Village of Kinderhook for an easement that would allow it to access various improvements near the end of the right-of-way that are toward the rear of its property. A title search was commissioned and revealed that the Hat Factory was entitled to use the right-of-way described in the 1945 deed to reach that area because the right to do so had been granted to the Hat Factory's predecessors in title through two 1839 deeds. The Board thereafter granted a permanent easement which authorized the Hat Factory and its successors in title to travel over the right-of-way and to use an adjacent portion of the corner parcel to access various improvements.
Petitioner responded by commencing a combined CPLR article 78 proceeding and declaratory judgment action, seeking, among other things, annulment of the Board's determination and a declaration that the Hat Factory's use of the right-of-way and permanent easement was illegal. Respondents answered and, as is relevant here, the Hat Factory asserted a counterclaim for a declaratory judgment clarifying the rights and limitations of the parties in using the right-of-way.[FN1] In a judgment entered in December 2022, Supreme Court (Jordan, J.) dismissed the petition/complaint in its entirety. In so doing, the court determined that the Hat Factory had a deeded right to use the right-of-way dating back to 1839 and that there was nothing improper in the Board's grant of an easement over the corner parcel. The court noted[*2], however, that the Hat Factory's counterclaim remained pending because it had not been the subject of any motion practice. Following a delay in which petitioner took an appeal from the judgment but failed to perfect it, the Hat Factory moved for judgment on the counterclaim in November 2023. Supreme Court (S. McGinty, J.) granted the motion in a judgment entered in March 2024, observing that the Hat Factory's entitlement to use the right-of-way had already been established in the December 2022 judgment. The court went on to declare the existence of that right and how the right-of-way could, and could not, be utilized by the Hat Factory and petitioner. Petitioner appeals from the March 2024 judgment.
We affirm. We initially agree with the Hat Factory that petitioner cannot now raise issues, including the entitlement of the Hat Factory to use the right-of-way and the propriety of the easement granted to it by the Board, that were resolved against petitioner in the December 2022 judgment. Petitioner suggests that those issues may be addressed upon this appeal because, "[u]nder CPLR 5501 (a) (1), an appeal from a final judgment brings up for review any non-final judgment or order which necessarily affects the final judgment provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken" (Burke v Crosson, 85 NY2d 10, 15 [1995] [internal quotation marks and ellipsis omitted]). The December 2022 judgment was appealable in that the petition/complaint was dismissed in its entirety and, indeed, it is worth noting that petitioner did take an appeal from that judgment. That appeal, however, was subsequently dismissed due to petitioner's failure to perfect in a timely fashion (see CPLR 5701 [a] [1]; 7806; Matter of Knieriemen Oil Co. v Lane, 21 AD2d 797, 797 [2d Dept 1964]). The December 2022 judgment resolved all of petitioner's claims, in other words, including its claim for relief under CPLR article 78 and its contention that the Hat Factory lacked a deeded entitlement to use the right-of-way over the corner parcel, leaving only the factually and legally distinct question in the Hat Factory's counterclaim regarding what the right-of-way could properly be used for. The December 2022 judgment was therefore final and implicitly severed the counterclaim advanced by the Hat Factory, and it follows that petitioner may not invoke CPLR 5501 (a) (1) to raise any challenge to the December 2022 judgment upon this appeal from the March 2024 judgment (see Heller v State of New York, 81 NY2d 60, 62 [1993]; cf. Burke v Crosson, 85 NY2d at 15-16; Matter of 1801 Sixth Ave., LLC v Empire Zone Designation Bd., 95 AD3d 1493, 1495-1496 [3d Dept 2012], lv dismissed 20 NY3d 996 [2012]).
With the foregoing in mind, we turn to the March 2024 judgment. As the December 2022 judgment had already established that the Hat Factory had a deeded right to use the right-of-way over the corner parcel, Supreme Court appropriately declared [*3]as much despite petitioner's belated efforts to revisit that holding (see e.g. Dukett v Wilson, 31 AD3d 865, 868 [3d Dept 2006]; Lumnah v Rogers, 33 AD2d 596, 596 [3d Dept 1969]). For the reasons noted above, petitioner cannot now argue on appeal that the holding of the December 2022 judgment was incorrect. As for the declaration regarding the proper uses of the right-of-way, deeds in the Hat Factory's chain of title going back to 1839 grant it "free [and] unobstructed" use of the right-of-way for "vehicles and loads" to go back and forth.[FN2] Although a right-of-way is "a right of passage, and not any right in a physical passageway itself," holders of that right like petitioner and the Hat Factory are entitled to "reasonable use and enjoyment of the way" (Marek v Woodcock, 277 AD2d 864, 865 [3d Dept 2000] [internal quotation marks and citations omitted], lv dismissed 96 NY2d 792 [2001]). The undisputed proof in the record reflects that petitioner parked vehicles in the right-of-way in order to prevent the Hat Factory from using it in the leadup to this matter, which was not a reasonable use and impermissibly interfered with the Hat Factory's exercise of its rights (see Green Hills [USA], LLC v Marjam of Rewe St., Inc., 208 AD3d 1158, 1162-1163 [2d Dept 2022]; Ledley v D.J. & N.A. Mgt., Ltd., 71 AD3d 1096, 1098 [2d Dept 2010]; Marek v Woodcock, 277 AD2d at 865-866). Thus, Supreme Court also properly declared that petitioner and the Hat Factory could use the right-of-way to access their properties for "loading and unloading and uses reasonably necessary and convenient to the exercise of such rights," but that no vehicles could be parked in the right-of-way "overnight or in a manner which impedes or obstructs the parties' reasonable use of the" right-of-way.
To the extent that they are not addressed above and are properly before us, petitioner's arguments have been examined and found to be without merit.
Pritzker, J.P., Reynolds Fitzgerald, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The Hat Factory also asserted a second counterclaim that it withdrew during the pendency of this matter.

Footnote 2: Notwithstanding petitioner's arguments, those handwritten deeds are legible and, particularly when coupled with a report detailing the results of the title search conducted by a title agency, adequately document the Hat Factory's easement rights (see CPLR 4522, 4523).