■ HAYDEN BEDDOE et al., Respondents, v ROGER AVERY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Franklin County (Garvey, J.), entered December 22, 1987, upon a decision of the court, without a jury, in favor of plaintiffs.

Since 1961 plaintiffs and defendant have been adjacent landowners of two lots on Horseshoe Pond in Franklin County. Plaintiffs maintained that an east-west right-of-way, which coursed through defendant's property to the waterfront on the west, was treated by the parties as the northern border of plaintiffs' lot and the southern border of defendant's lot. Indeed, plaintiffs' deed from the parties' predecessor in interest defined the easement as being between the two lots. A 1978 survey disclosed that, in fact, while the right-of-way began at its eastern terminus between the two lots, it angled

northwesterly across defendant's lot and ended at the waterfront, a distance of 48 feet north of the parties' mutual lot line. This triangular piece of property, virtually entirely located on defendant's parcel, created by the parties' mutual lot line, the right-of-way and the shoreline, as well as a boathouse offshore adjacent to this triangular parcel, is the subject of plaintiffs' action for title by adverse possession.

At trial, plaintiffs' evidence consisted primarily of plaintiff Hayden Beddoe's testimony that since acquiring his lot he had mowed and planted trees on part of the disputed property, had improved a portion thereof with sand and gravel, had exercised exclusive dominion over the boathouse, and had never seen defendant or his family use the subject property without first asking his permission. In addition, plaintiffs relied on the description of the easement and the grant of the boathouse in their deed to support their claim that possession was under color of title. Defendant testified that his friends and family used the disputed parcel throughout the year, that he had used the area himself for hunting, snowshoeing, and ice fishing, and, further, that he paid taxes on his lot, including the triangle in question. County Court concluded that plaintiffs had acquired title to the parcel in dispute and the boathouse by adverse possession under either RPAPL 511 and 512 or 521. On appeal defendant concedes plaintiffs' ownership of the boathouse, but maintains that adverse possession of the disputed tract has not been established.

The thrust of defendant's appeal is that plaintiffs have not clearly and convincingly proven exclusive possession, a necessary element of adverse possession (see, Belotti v Bickhardt, 228 NY 296, 302). However, the evidence is that plaintiffs alone cared for and improved the disputed property, believing it to be their own. Beddoe testified that he ejected four adults who were fishing from the dock between the boathouse and the land in question and that on another occasion defendant asked him for permission to allow his children and their guests to use the dock and beach in issue. Plaintiffs' daughter testified that she had never seen defendant's children use the disputed wedge of property. Defendant himself testified that the only route he used to the waterfront was the right-of-way road. Thus, plaintiffs' possession was not merely inconsistent or hostile to the rights of defendant, but also exclusive of any possession by defendant. That defendant may have crossed the tract in the course of hunting or ice fishing, as he avers, is not enough to undermine plaintiffs' clear dominion over the property, especially in light of the evidence that defendant was

unfamiliar with the location of his southerly lot line and believed the land he had purchased was north of the access right-of-way.

The remaining elements of adverse possession have been clearly and convincingly proven and do not merit comment.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.