■ FREDERICK C. BOEHEIM et al., Appellants, v BRUCE H. VANARNUM et al., Respondents, et al., Defendants. [615 NYS2d 480] —Casey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered April 7, 1993 in St. Lawrence County, upon a decision of the court in favor of defendants.

This appeal arises out of an action to quiet title to land which lies along the boundary between the parties' adjoining properties in St. Lawrence County. The dispute has its genesis in two apparent miscalls in the deed by which defendants acquired their property in 1965. As a result of the miscalls, two strips of land which actually lie to the west of plaintiffs' easterly boundary were considered by defendants to be part of the property they acquired in 1965. After plaintiffs commenced this action in 1987, Supreme Court held that, as a matter of law, defendants' deed did not give them title to the disputed property, but that defendants' adverse possession claim raised questions of fact. After a nonjury trial, Supreme Court found that defendants had acquired title by adverse possession to all but one of the disputed strips of land and a portion of the other. Plaintiffs appeal.

As to the northerly disputed strip, the evidence establishes that defendants cleared the land in 1967 by bulldozing the trees to the tree line shown on the survey in evidence and thereafter they cut back the brush in the area whenever it began to interfere with their view. In 1977 they filled and seeded a large portion of the disputed strip and thereafter

maintained it as a lawn, while continuing to trim the brush in the remainder of the cleared area. The evidence further establishes that defendants' use of the northerly strip was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for 10 years, which is essential to sustain a claim of adverse possession *(see, Brand v Prince,* 35 NY2d 634, 636). Considering the nature of the land *(see, Franzen v Cassarino,* 159 AD2d 950, 951-952), defendants' activities, which included clearing trees, trimming brush and mowing the portion planted to lawn, established the requisite usual cultivation *(see, Woodrow v Sisson,* 154 AD2d 829, 831). Although a portion of the northerly parcel awarded to defendants falls outside the scope of defendants' written instrument claim *(see,* RPAPL 511, 512), Supreme Court's adverse possession finding encompassed the land actually occupied and possessed by defendants *(see,* RPAPL 521, 522).

The evidence in the record also supports Supreme Court's finding of defendants' title by adverse possession to a portion of the disputed strip adjacent to the highway. It appears that the alleged competing uses of the parcel relied upon by plaintiffs to defeat defendants' continuous and exclusive use of the parcel, which began in 1965, occurred after the expiration of the 10-year period *(see, Sherman v Kane,* 86 NY 57). The judgment should be affirmed.

Mercure, J. P., White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.