■ Georgia A. Gallas, Respondent, v Kenneth Duchesne et al., Appellants, et al., Defendant. [701 NYS2d 497] —Carpinello, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered January 27, 1999 in Saratoga County, which, *inter alia*, granted plaintiff's motion for partial summary judgment and declared that plaintiff is the owner of certain real property.

The instant dispute is over a 3/4-acre, wedge-shaped parcel of land in the Town of Stillwater, Saratoga County, situated on the easterly boundary of plaintiff's property, acquired by her in 1974, and the westerly boundary of defendants' property, acquired by them in 1966. The subject parcel is overgrown with trees and brush and contains a ravine; the parties refer to the parcel as the "gore" area. After a survey prepared on defendants' behalf in 1996 revealed that the County tax map had incorrectly depicted that they owned the disputed parcel, the Town Assessor changed the parties' respective tax assessments and attributed ownership of the disputed parcel to plaintiff. This, in turn, prompted plaintiff to secure her own survey at which time it was discovered that her deed contained an inaccurate metes and bounds description.

Plaintiff thereafter commenced this action pursuant to RPAPL article 15 seeking, *inter alia*, a declaration that she is the lawful owner of the disputed parcel. Defendants answered and counterclaimed, asserting that they are the record owners of the disputed parcel and, in any event, possess title by adverse possession. Plaintiff moved for partial summary judgment, claiming that record title to the property rests with her and that she has not been divested of same by defendants' adverse possession. Supreme Court agreed, rejecting defendants' contention that questions of fact exist precluding summary judgment. They now appeal. While we agree with Supreme Court's finding that plaintiff made a prima facie show-

ing that she possesses *record* title to the disputed parcel, a claim not properly refuted by defendants, questions of fact have been raised as to whether defendants adversely possessed it for the statutory period pursuant to RPAPL 521 and 522.

Although neither of the parties' deeds expressly describes the disputed parcel, the undisputed evidence submitted by plaintiff reveals that it was omitted from her deed owing to a mistake on the part of her original surveyor in his metes and bounds description. However, a "being" clause in plaintiff's deed makes clear that the conveyance to her in 1974 was intended to be the same as that which was conveyed to her grantors, which her expert witness averred—and defendants did not dispute—included the disputed parcel (*see*, 4 Warren's Weed, New York Real Property, Description, § 15:01 [4th ed]). Other evidence in the record, particularly the surveys prepared on behalf of the parties in 1996 and 1997, confirm record title in plaintiff.

In an attempt to raise questions of fact on this issue of record title, defendants make much ado about the fact that plaintiff erected a fence at a location west of the disputed borderline, purportedly in recognition that they possessed record title to the disputed property. In light of plaintiff's undisputed proof that she is the record owner of the disputed parcel and her averments that the fence was placed only to keep her animals from entering its uneven terrain, defendants' attempted reliance on the placement of the fence to refute the otherwise uncontradicted documentary and expert evidence is ineffective. In short, no genuine factual issues have been raised by defendants on the issue of plaintiff's status as the record owner to the disputed property (*cf., Wintemberg v Kowal*, 235 AD2d 999).

Alternatively, defendants claim they obtained title to the disputed parcel by adverse possession, which, given our conclusion that plaintiff possesses record title, requires a showing by clear and convincing evidence that their "possession [was] hostile and under a claim of right, actual, open and notorious, exclusive and continuous' " (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159, quoting *Brand v Prince*, 35 NY2d 634, 636) for a period of 10 years and additionally that the disputed parcel was either "usually cultivated or improved" or "protected by a substantial enclosure" (RPAPL 522 [1], [2]). As plaintiff's placement of a fence at a location west of the disputed borderline does not support a finding that *defendants* substantially enclosed it (*see, Yamin v Daly*, 205 AD2d 870) and there being no evidence whatsoever of defendants' efforts to enclose

the disputed parcel, the only relevant inquiry is whether defendants raised questions of fact concerning their cultivation and improvement of it. We find that they did.

On this issue, we note first that "[t]he requisite character of the acts of improvement sufficient to supply the record owner with notice of an adverse claim will vary with 'the nature and situation of the property and the uses to which it can be applied' * * * and must 'consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners'" (*Ray v Beacon Hudson Mtn. Corp.*, *supra*, at 160, quoting *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 373). Thus, in assessing whether defendants have raised an issue of fact on this issue, we are mindful that the disputed property is a relatively unusable parcel of land containing overgrown brush, trees and a ravine. According to defendants, in addition to paying taxes on the subject parcel until 1996—which is some evidence of a claim of title and hostile possession (*see*, *id.*, at 162, n 5)—they used it as their own for over three decades. They averred that during that time, they brought in bulldozers to level the ravine with fill and gravel, grew grass in the area, mowed it and removed trees. They claim also to have stored metal on the parcel, as well as to having used it for recreational purposes and for hunting. The regularity of these activities is less than precise; however, defendants submitted photographs which purportedly support their claim.

Plaintiff submitted aerial photographs which, according to her, belie defendants' claim that the land was cultivated or improved by them during the statutory period. Although plaintiff averred that defendants never entered or utilized the subject parcel until 1997 and point out that defendants offered no objection when, in 1987, she constructed a garage which encroaches on the disputed parcel, such averments simply confirm the existence of issues of fact which preclude summary judgment on defendants' adverse possession claim (*see*, *Parillo v Prunier*, 257 AD2d 807, 808; *Wintemberg v Kowal*, 235 NY2d 999, 1000, *supra*). Plaintiff's further protestations that defendants' photographs do not accurately depict defendants' activities on the disputed parcel also reflect the existence of triable issues of fact.

Peters, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment dismissing defendants' adverse possession affirmative defense and counterclaim; motion denied to that extent; and, as so modified, affirmed.