■ ELEANOR GORMAN et al., Respondents, v JOHN H. HESS et al., Appellants. [754 NYS2d 393] —Mugglin, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered July 13, 2001 in Washington County, upon a decision of the court in favor of plaintiffs.

In 1997, defendants acquired premises on the east shore of Lake George at Hulett's Landing in the Town of Dresden, Washington County. Their title was subject to an easement for ingress and egress, in common with others, along a driveway through their property running from Beach Drive on the north in a southerly direction to or near a stone wall marking the north bank of Foster Brook. Plaintiffs have owned premises adjoining defendants' premises on the east since 1974, and plaintiff Eleanor Gorman testified that parts of the driveway have been located in the same place from that time to the present. Plaintiffs concede that their east boundary does not abut the driveway, but claim title to the "lawn area" between their boundary and the driveway by adverse possession. In addition, among other claims, plaintiffs assert that they have acquired by prescriptive use the right to park up to three vehicles in an area approximately 25 feet by 30 feet which joins the "lawn area" that they claim by adverse possession on the east and the line at or near Foster Brook on the south, making this parcel also either at the end of, or immediately adjacent to, the end of the driveway. Gorman further testified that no one interfered with their use, occupation and enjoyment of either of these parcels until defendants acquired their property in 1997 and erected a shed in the driveway and lawn area in 1998. That action precipitated plaintiffs' institution of this RPAPL article 15 action to quiet the title to, and declare their rights in, these parcels. Following a nonjury trial, Supreme Court rendered a judgment in favor of plaintiffs on both claims and purported to define the location of the "lawn area" and the "parking area." This appeal ensued.

To establish title by adverse possession to the "lawn area," plaintiffs must show by clear and convincing evidence that their possession of the property was hostile, under a claim of title, actual, open, notorious, exclusive and continuous for the statutory period of 10 years (see *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159; *Moore v City of Saratoga Springs*, 296 AD2d 707, 709). In addition, since plaintiffs concede that they have no written claim of title to the "lawn area," they must also prove "that [the lawn area] was 'usually cultivated or improved' or 'protected by a substantial inclosure' " (*Mayville v Webb*, 267 AD2d 711, 712, quoting RPAPL 522). Plaintiffs' proof was more than sufficient to establish title by adverse possession to the "lawn area." Although the use is seasonal, their continuous use of the area by mowing, planting, repairing it after several floods and marking the border by using white rocks and tires are sufficient to convey their hostile claim of ownership (see *Ray v Beacon Hudson Mtn. Corp.*, supra

at 161-162). Notably, this use and possession by plaintiffs is largely undisputed by defendants. Defendants' argument that the "lawn area" is included within the bounds of the deeded easement is plainly at variance with the facts in the record. Consequently, there is no merit to their contention that plaintiffs cannot acquire title by adverse possession to an area over which they have an easement (*see Dickerson Pond Sewage Works Corp. v Valeria Assoc.*, 231 AD2d 488, 488-489; *Smith v Folmsbee*, 31 AD2d 584, 585). There is no evidence that the location of the driveway has changed in any way from 1974 to the present time. Under these circumstances, title vested in plaintiffs in 1984, 13 years prior to defendants' purchase of their property. Evidence presented by defendants subsequent to 1984 is simply not relevant. Plaintiffs' proof of the elements of adverse possession gives rise to the presumption that the use was hostile and shifts the burden to defendants to demonstrate that plaintiffs' use was permissive, a burden which they failed to sustain (*see McNeill v Shutts*, 258 AD2d 695, 696).

We are similarly persuaded by the record that plaintiffs have established by clear and convincing evidence their prescriptive easement with respect to the "parking area." Here, the elements are the same as for adverse possession, except for the element of exclusivity. Said otherwise, the elements to establish a claim for prescriptive easement require that plaintiffs demonstrate "by clear and convincing evidence adverse, open and notorious, and continued and uninterrupted use of the [parking area] for the prescriptive period, which is 10 years" (*Miller v Rau*, 193 AD2d 868, 868 [citations omitted]). Once these elements are established, again the burden shifts to defendants to show the use was permissive, since the presumption arises that the use was hostile (*see id.* at 869). Moreover, seasonal use of the parking area does not prevent plaintiffs from establishing a prescriptive easement (*see id.*). Here, the undisputed evidence establishes that plaintiffs, since 1974, have continuously and without interruption driven their vehicles along the driveway to or near the southerly end thereof at Foster Brook where they have parked as many as three vehicles at a time. The record is absolutely clear that no objection was ever made to plaintiffs concerning their use of the parking area nor was any claim that the use was permissive ever communicated to plaintiffs.

With respect to defendants' remaining arguments, we find no merit to their contention that by adopting plaintiffs' findings of fact and conclusions of law, in toto, Supreme Court abdicated its responsibility pursuant to CPLR 4213 (b). Not only does

this not compel the conclusion which defendants reach (*see Gerenstein v Williams*, 282 AD2d 786, 787; *Howard v Carr*, 222 AD2d 843, 845), but it is apparent from the record that Supreme Court formulated its own independent evaluation of the evidence in locating both the "lawn area" and "parking area." We also find no error in Supreme Court's denial of defendants' motion to renew and reargue. This motion is not a proper procedural vehicle to address a final judgment (*see Matter of Urbach*, 252 AD2d 318, 320). Moreover, defendants failed to offer a sufficient justification for their inability to discover the proffered evidence prior to the conclusion of the trial or to establish that if such evidence had been produced at trial, a different verdict would have resulted (*see* CPLR 5015; *Evergreen Bank v Dashnaw*, 262 AD2d 737, 738). We likewise find no merit to defendants' contention that restrictive covenants contained in plaintiffs' deed prohibiting the placing of new or different restrictions on the premises applies to the acquisition of parking rights within the easement (*see Gleason v Shuart*, 142 App Div 320, 326-328).

We do, however, find merit in defendants' contention that Supreme Court lacked the necessary record evidence to specifically define the "lawn area" and the "parking area." When the allegations of the complaint, Gorman's testimony and the findings of fact are compared to the final judgment, it is readily apparent that the description of both areas in the final judgment does not comport with the descriptions in the complaint, in the findings of fact or Gorman's testimony. Our review of the record leaves us unable to either identify where Supreme Court obtained the descriptions used in the judgment or sufficient evidence to fashion the descriptions ourselves. As plaintiffs' claims are not founded on a written instrument, they can acquire title to only those portions of defendants' property which they have adversely possessed or used and, thus, the description is crucial (*see Krol v Eckman*, 256 AD2d 945, 947). While we affirm Supreme Court's finding of adverse possession of the "lawn area" and a prescriptive use for the "parking area," we must remit this matter to Supreme Court for further proceedings to ascertain the precise location and description of these areas (*see Towner v Jamison*, 98 AD2d 970, 971-972).

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as specifically defined the "lawn area" and "parking area"; matter remitted to the Supreme Court for further proceedings to ascertain the exact location and description of the "lawn area" and "parking area"; and, as so modified, affirmed.