■ JOSEPH MARICEVIC et al., Respondents, v BERNARD PROBER et al., Appellants, et al., Defendant. [758 NYS2d 556] —Rose, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered May 16, 2002 in Greene County, upon a decision of the court in favor of plaintiffs.

In this action pursuant to RPAPL article 15, plaintiffs sought a declaration that they are the owners of approximately 60 acres of land (hereinafter the disputed parcel) situated in the Town of Ashland, Greene County, which adjoin the lands of defendants Bernard Prober and Anna Chivily (hereinafter collectively referred to as defendants). Since it appeared uncertain whether the disputed parcel was included in plaintiffs' deed, they commenced this action to establish their ownership based on the adverse use of the parcel as enclosed pastureland by their predecessors in title. Following a nonjury trial, Supreme Court determined that plaintiffs had proven ownership by adverse possession of the disputed parcel. Defendants appeal.

Upon our review of the record, and affording due deference to Supreme Court's assessment of witness credibility (*see Brown v Ames*, 290 AD2d 693, 694 [2002]; *Burton v State of New York*, 283 AD2d 875, 877 [2001]), we find the court's decision in plaintiffs' favor to be amply supported by the law and the facts. Plaintiffs met their burden of presenting clear and convincing evidence that the possession of the disputed parcel by their predecessors in title had been hostile, under a claim of right, actual, open, notorious, exclusive and continuous for the statutory period (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *Moore v City of Saratoga Springs*, 296 AD2d 707, 709 [2002]). Plaintiffs' witnesses and exhibits established the exclusive use of the property as enclosed pastureland for a dairy herd from 1942 to 1965 and shifted the burden to defendants to demonstrate that plaintiffs' use was permissive, a burden which they did not meet (*see* RPAPL 522 [2]; *Gorman v Hess*, 301 AD2d 683, 685 [2003]; *McNeill v Shutts*, 258 AD2d 695, 696 [1999]).

Defendants' claim that plaintiffs effectively abandoned the disputed parcel after 1965 is unpreserved for our review

because it was not raised before Supreme Court (*see Rielly v Naftal,* 300 AD2d 811, 811 [2002]; *Walsh v St. Mary's Church,* 248 AD2d 792, 793 [1998]). In any event, defendants' proof at trial that a tenant of theirs used the parcel for farming between 1968 and 1972 was insufficient to establish that they reacquired ownership by adverse possession for the required period (*see Gallas v Duchesne,* 268 AD2d 728, 729-730 [2000]; *Mayville v Webb,* 267 AD2d 711, 712 [1999]). Further, defendants' claim in their brief that they paid taxes on the disputed parcel from 1968 until 2002 is neither sufficient (*see Kitchen v Village of Sherburne,* 266 AD2d 786, 788 [1999]) nor supported by the record.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.