■ NORMAN LEVY, Respondent, v WILLIAM MORGAN, Appellant. [818 NYS2d 335]—

Mercure, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered October 14, 2005 in Warren County, which, inter alia, denied the parties' cross motions for summary judgment.

This action involves plaintiff's easements over defendant's real property on the shore of Lake George in the Town of Hague, Warren County. Defendant concedes that plaintiff possesses deeded easements granting him a right-of-way across his land along the northern boundary to the high water mark on Lake George and the right to construct a temporary floating or pole dock adjacent to the northern boundary. Plaintiff commenced this declaratory judgment action seeking injunctive relief and to quiet title after defendant forcibly removed and destroyed his dock, and constructed a residence allegedly encroaching on the deeded right-of-way (hereinafter northerly right-of-way). The parties' dispute centers on whether plaintiff's cantilevered pole dock exceeded the scope of the deeded easement, whether defendant has impeded plaintiff's access along the northerly right-of-way, and whether plaintiff obtained an additional easement by prescription over defendant's former driveway (hereinafter southerly right-of-way).

---

Following joinder of issue and a hearing on the matter, Supreme Court (Moynihan, Jr., J.) issued an order in May 2003 authorizing plaintiff to reconstruct the dock at defendant's expense and enjoining defendant from impeding plaintiff's access, use and enjoyment of the southerly right-of-way for the purpose of reconstructing the dock. Defendant admittedly failed to perfect his appeal from that order. Thereafter, plaintiff reconstructed the dock and submitted a bill to defendant totaling approximately $35,000. Defendant refused to pay and plaintiff moved for enforcement of the May 2003 order and a money judgment covering the cost of the dock, as well as partial summary judgment quieting title to the deeded easements. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court (Krogmann, J.) ordered a hearing to determine the reasonable cost of the cantilevered dock reconstruction and otherwise denied the motions.* Defendant appeals and we now affirm.

Supreme Court's May 2003 order provided that "[p]laintiff . . . is authorized to, at the defendant's cost and expense, reconstruct plaintiff's cantilevered dock . . . as said dock existed prior to it being destroyed and removed." As noted above, defendant failed to perfect his appeal from this order. Accordingly, inasmuch as the parties submitted conflicting testimony creating a question of fact regarding damages—i.e., the reasonableness of the replacement cost as reflected in the bill submitted by plaintiff—Supreme Court properly directed an immediate trial on the motion (see CPLR 3212 [c]; see also Poley Paving Corp. v United Cerebral Palsy Assn. of Sullivan County, 241 AD2d 847, 848-849 [1997]).

With respect to the alleged prescriptive easement, that is, the southerly right-of-way, "the elements to establish a claim for prescriptive easement require that plaintiff[ ] demonstrate 'by clear and convincing evidence adverse, open and notorious, and continued and uninterrupted use of the [driveway] for the prescriptive period, which is 10 years' " (Gorman v Hess, 301 AD2d 683, 685 [2003], quoting Miller v Rau, 193 AD2d 868, 868 [1993]; see Aubuchon Realty Co. v Cohen, 294 AD2d 738, 739 [2002]). Contrary to defendant's argument, it is not necessary to demonstrate exclusive use to establish an easement by prescription (see Harrington v Estate of Crouse, 1 AD3d 778, 779 [2003]; Gorman v Hess, supra at 685). Because myriad questions of fact permeate the remaining elements of the prescrip-

* Notwithstanding Supreme Court's statement that "it is not clear whether the record is complete," we note that neither party contends that further disclosure is required pursuant to CPLR 3212 (f).

tive easement claim, including the parties' use of the driveway, as well as the extent to which defendant has encroached upon the northerly right-of-way and the claim that the dock exceeds that permitted by plaintiff's deed, an award of summary judgment on the claims is unwarranted.

Crew III, Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.