■ Julius H. Robinson et al., Respondents, v Aaron I. Robinson, Appellant. [825 NYS2d 277]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 10, 2005 in Sullivan County, upon a decision of the court in favor of plaintiffs.

As set forth more fully in our prior decision in this matter, plaintiffs seek to establish that they obtained title to an approximately 0.6-acre parcel of land by virtue of either adverse possession or a 2002 quit claim deed (11 AD3d 853 [2004]). Upon defendant's appeal, this Court affirmed a Supreme Court order denying his cross motion for summary judgment on his counterclaim for a permanent injunction or, in the alternative, a preliminary injunction, and for dismissal of the complaint (*id.* at 855). The matter proceeded to a nonjury trial, at the close of which Supreme Court entered judgment in favor of plaintiffs, concluding that they had acceded to title to the disputed parcel by virtue of adverse possession, and dismissed defendant's counterclaims. Defendant appeals and we now affirm.

Defendant argues that plaintiffs failed to demonstrate the elements of their adverse possession claim and, thus, Supreme Court erred in entering judgment in favor of plaintiffs. To succeed on a claim of adverse possession, the possessor must establish by clear and convincing evidence "that the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996] [citation omitted], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]; *see* RPAPL 501; *Fatone v Vona*, 287 AD2d 854, 856 [2001]). In addition, when a claim of right to property is not founded upon a written instrument, judgment or decree, only that portion of the disputed premises that was cultivated, improved or protected by a substantial enclosure will be deemed to have been held adversely (*see* RPAPL 521, 522; *Ray v Beacon Hudson Mtn. Corp., supra* at 160; *Gorman v Hess*, 301 AD2d 683, 684 [2003]). The type of improvement or cultivation activity "sufficient to supply the record owner with notice of an adverse claim will vary with 'the nature and situation of the property and the uses to which it can be applied' and must 'consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners' " (*Ray v Beacon Hudson Mtn. Corp., supra* at 160 [citation omitted], quoting *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 373 [1915]; *see Gallas v Duchesne*, 268 AD2d 728, 730 [2000]).

Here, plaintiffs claim to have adversely possessed the disputed parcel beginning in July 1987 following the dismissal of both their claim of adverse possession against John Muldowney and Muldowney's claim to the property based on deed or, alternatively, adverse possession. Since that time and for a period of at least 10 years, plaintiffs operated a seasonal canoe rental and camping business on the property. During the approximately

five-month season each year, plaintiffs placed moveable signage on the property, mowed the grass, cleared debris, and planted grass if it was washed out by spring flooding, transported boats to the property, kept incidents of the business on the site throughout the season, and blocked the use of the property by trespassers. Buses dropped off customers during the season, at the peak of which up to 50 rafts, canoes and boats disembarked or landed on the property. In addition, plaintiffs installed a road and made rock fire-ring supports at two permanent campsites, which, along with several other sites on an adjacent lot, were used and maintained on the property throughout the summer. Given the nature of the property, we agree with plaintiffs that this use was open, notorious and hostile and, therefore, sufficient to convey notice of their adverse claim to the record owner of the property during the disputed time period (*see Gorman v Hess, supra* at 684-685; *Gallas v Duchesne, supra* at 730; *Led Duke v Sommer*, 205 AD2d 1009, 1010-1011 [1994]).*

Contrary to defendant's argument, the fact that plaintiffs' use was seasonal does not defeat their claim in light of the continuous and uninterrupted nature of that use (*see Ray v Beacon Hudson Mtn. Corp., supra* at 161; *Led Duke v Sommer, supra* at 1010). Nor does the occasional, recreational use by family members and neighbors that did not interfere with plaintiffs' activities during the statutory period render plaintiffs' possession nonexclusive, as defendant claims (*see Levy v Kurpil*, 168 AD2d 881, 883 [1990], *lv denied* 77 NY2d 808 [1991]; *Beddoe v Avery*, 145 AD2d 818, 819-820 [1988]). Furthermore, in that regard, we note that evidence relating to defendant's alleged use of the property and other events that occurred after the expiration of the statutory period is not relevant (*see Walling v Przybylo*, 24 AD3d 1, 7 [2005], *affd* 7 NY3d 228 [2006]; *Gorman v Hess, supra* at 685). Similarly irrelevant are plaintiffs' failure to pay taxes on the premises during the relevant period and their subjective belief that Muldowney may have been the rightful owner of the property (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 162 n 5 [1996], *supra*; *Walling v Przybylo, supra* at 4-6).

Finally, we reject defendant's argument that plaintiffs' showing that they used the entire parcel (*see* RPAPL 521) is defeated by testimony that the business expanded and the size of the landing used on the beach grew over the relevant time period or

---

* Plaintiffs maintain that Muldowney was the record owner during the relevant time period; defendant claims that the owner was the Delaware Valley Realty Company, from which he obtained a deed in October 1997 purporting to convey the disputed parcel along with three additional acres.

was moved depending on the condition of the river. Plaintiffs' cultivation and improvement of the parcel through mowing, maintenance of the landing and campsites, storage and improvements were consistent with the nature of the land—i.e., its location on a riverbank subject to natural fluctuation—and the uses to which it was suited—a canoe rental business that had varying numbers of customers—and are adequate to demonstrate possession under the circumstances (*see Ray v Beacon Hudson Mtn. Corp., supra* at 160; *Fatone v Vona*, 287 AD2d 854, 857 [2001], *supra*). Accordingly, and with due deference to the trial court's credibility determinations (*see Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 569 [2006]), we conclude that plaintiffs established their adverse possession claim by clear and convincing evidence.

Defendant's remaining arguments are either rendered academic by our determination or, upon consideration, have been found to be lacking in merit.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.