■ RICHARD Goss et al., Respondents, v RONALD TROMBLY, Appellant. [835 NYS2d 493]—

Kane, J. Appeal from a judgment of the Supreme Court (Ryan, J.), entered August 7, 2006 in Clinton County, upon a decision of the court in favor of plaintiff.

In 1993, plaintiffs took possession of a parcel of real property under a rent-to-own agreement, obtaining a deed in 2001. The majority of plaintiffs' property is located directly behind defendant's property and has access to a public highway by means of a 12-foot wide strip of land that runs along all 125 feet of the east side of defendant's property. This strip contains a gravel driveway leading to plaintiffs' house. The gravel driveway begins entirely on plaintiffs' property where it abuts the highway, but it begins drifting onto defendant's property gradually until just before the driveway reaches the main portion of plaintiffs' property, at which point the driveway is completely on defendant's property.

Shortly after defendant purchased his property in 2004, with knowledge from a survey that the driveway encroached on his property, he erected a fence along the boundary line, preventing plaintiffs' from using that portion of the driveway that traversed his property. Plaintiffs commenced this action to quiet title to the disputed property, claiming entitlement by adverse possession. Following a nonjury trial, Supreme Court found that plaintiffs had acquired title to the portion of the driveway on defendant's property. The court directed plaintiffs to submit a course reading for the driveway so the judgment could clearly delineate the new boundary lines. Plaintiffs submitted the course reading, which was reflected in the judgment. Defendant appeals.

To establish title by adverse possession not based on a written instrument, plaintiffs were required to establish by clear and convincing evidence that for a period of 10 years they actually possessed the property in dispute and that their possession was open, notorious, exclusive, continuous, hostile and under a claim of right, and that the disputed parcel was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]; see Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159-160 [1996]; Gallas v Duchesne, 268 AD2d 728, 729 [2000]). On appeal, defendant only contests the proof of hostility, adversity and that the disputed property was usually improved. The element of "hostility will be presumed if the use is open, notorious and continuous for the full 10-year statutory period," and may be found even where the plaintiff possessed the property through inadvertence or mistake (Birkholz v Wells, 272 AD2d 665, 667 [2000]; see Fatone v Vona, 287 AD2d 854, 856-857 [2001]; Sinicropi v Town of Indian Lake, 148 AD2d 799, 800 [1989]).

As plaintiffs used the driveway daily for 11 years, hostility was presumed and defendant failed to rebut the presumption. Driving over defendant's property was adverse to defendant's ownership interest in the disputed parcel, even if plaintiffs' actions only affected a small portion of defendant's property. Defendant asserts that permission may have been granted as a neighborly accommodation to plaintiffs or their predecessors for their driveway to avoid a utility pole in plaintiffs' 12-foot strip, but this speculative assertion is not supported by the record.*

The type of acts necessary to constitute the required usual cultivation or improvement "will vary with 'the nature and situation of the property and the uses to which it can be applied' and must 'consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners' " (*Ray v Beacon Hudson Mtn. Corp.*, supra at 160, quoting *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 373 [1915]; *accord Robinson v Robinson*, 34 AD3d 975, 976 [2006]; *Gallas v Duchesne*, supra at 730). Plaintiffs or their predecessors regularly plowed the driveway and scraped ice from it in winter, mowed grass alongside it, trimmed overhanging trees and had truckloads of gravel hauled in twice to fill in ruts. These maintenance activities are similar to those conducted by most owners of driveways and are consistent with the nature of the use of this property as a driveway (*compare Yamin v Daly*, 205 AD2d 870, 871 [1994] [finding no adverse possession where some similar activities were conducted on a driveway but main portion of disputed property was not cultivated or maintained]). Hence, plaintiffs sufficiently established all of the elements of adverse possession.

Defendant also contends that Supreme Court erred in directing plaintiffs to submit a course reading for the driveway to establish new boundary lines, after the court had rendered a decision and order. We note that defendant did not object to this procedure and has failed to articulate any prejudice from the court permitting submission of this further clarifying information. During the trial, plaintiffs and defendant each submitted surveys prepared by the same surveyor which were not at variance concerning the location of the driveway, but did not include a metes and bounds description of the driveway. The court wisely realized that a precise description of the adversely possessed area was necessary to appropriately quiet title and ensure marketability of title to both parties' parcels (*see Guardino v Colangelo*, 262 AD2d 777, 780 [1999]).

---

* We note that the parties took the unusual approach of excluding the trial transcript from the record, instead stipulating to the facts as found by Supreme Court in its decision.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.