■ COMRIE, INC., Appellant, v DONALD G. HOLMES, as Executor of DELLA MAE CADY, Respondent, et al., Defendant. [836 NYS2d 377]—

Carpinello, J. Appeal from an order of the Supreme Court (Sise, J.), entered June 22, 2006 in Fulton County, which, inter alia, granted defendant Donald G. Holmes' cross motion for summary judgment dismissing the adverse possession cause of action against him.

At issue is an abandoned strip of former railroad property situated between plaintiff's property and property owned by its deceased neighbor's estate. In June 2004, the estate acquired title to this strip of land by quit claim deed from its most recent railroad company owner. Shortly thereafter, plaintiff commenced this action against defendant Donald G. Holmes, the estate's executor, as well as the conveying railroad company, seeking title to the disputed parcel by adverse possession. At issue on appeal is a decision of Supreme Court granting Holmes' cross motion for summary judgment dismissing the adverse possession cause of action of the complaint. We affirm.

We are unpersuaded by plaintiff's argument that Supreme Court erred in dismissing the adverse possession claim and thus the entire complaint. "To succeed on a claim of adverse possession, the possessor must establish by clear and convincing evidence that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (Robinson v Robinson, 34 AD3d 975, 976 [2006], lv denied 8 NY3d 805 [2007] [internal quotation marks and citations omitted]; accord Ropitzky v Hungerford, 27 AD3d 1031, 1031 [2006]; Gorman v Hess, 301 AD2d 683, 684 [2003]). Moreover, where, as here, "a claim of right to property is not founded upon a written instrument, judgment or decree, only that portion of the disputed premises that was cultivated, improved or protected by a substantial enclosure will be deemed to have been held adversely" (Robinson v Robinson,

*supra* at 976; *see Eddyville Corp. v Relyea*, 35 AD3d 1063, 1065 [2006]). It is undisputed that plaintiff has only owned its property since October 1999 and that this action claiming ownership to the disputed parcel by adverse possession was commenced approximately five years later. Fundamentally, it was therefore necessary for plaintiff to tack its adverse possession to that of its predecessor (*see Brand v Prince*, 35 NY2d 634, 637 [1974]).\*

While plaintiff may have submitted sufficient proof to raise a question of fact on the issue of adverse possession during the time period in which it owned the property, it failed to do so concerning the preceding five-year period (*see e.g. Reis v Coron*, 37 AD3d 803 [2007]; *Knapp v Hughes*, 25 AD3d 886 [2006], *lv dismissed* 7 NY3d 921 [2006]; *Kitchen v Village of Sherburne*, 266 AD2d 786, 787-788 [1999]; *Garrett v Holcomb*, 215 AD2d 884, 885 [1995]). As correctly found by Supreme Court, this was fatal to its adverse possession claim warranting dismissal.

In addition, the warranty deed by which plaintiff received title to its property in October 1999 expressly excluded the disputed parcel from its legal description thus providing an additional basis upon which to dismiss plaintiff's adverse possession claim (*see Dittmer v Jacwin Farms*, 224 AD2d 477 [1996]; *Staples v Schnackenberg*, 148 App Div 161, 162-163 [1911]; *see generally Walling v Przybylo*, 24 AD3d 1, 7 [2005], *affd* 7 NY3d 228 [2006]; *compare Eddyville Corp. v Relyea, supra*).

Plaintiff's remaining arguments have been considered and rejected.

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

\* In moving for summary judgment on the issue of adverse possession, the issue of plaintiff's inability to make "even a prima facie case of ownership through adverse possession" for the statutory 10-year period was squarely raised by the estate's executor. Thus, plaintiff's argument that Supreme Court sua sponte raised the issue of "tacking" is unpersuasive.