■ James L. Gallagher, Jr., et al., Respondents, v Cross Hill, LLC, Appellant. [845 NYS2d 532]—

Peters, J. Appeals (1) from an order of the Supreme Court (Lamont, J.), entered May 3, 2006 in Schoharie County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

In 2004, defendant purchased real property in the Town of Richmondville, Schoharie County, which bordered property owned by plaintiffs, or their family, since 1956. In 2003, a boundary dispute arose relating to a 1.87-acre parcel of defendant's land which was adjacent to plaintiffs' property. Plaintiffs, claiming to have openly and notoriously possessed, cultivated and improved such parcel since 1987, commenced this action seeking title by adverse possession. Supreme Court granted their summary judgment motion. Defendant appeals.

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). And, "where a party seeks to establish title by adverse possession, it is incumbent upon the party 'to demonstrate by clear and convincing evidence that for a period of 10 years it actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right' " (*Kitchen v Village of Sherburne*, 266 AD2d 786, 786 [1999], quoting *Village of Castleton-On-Hudson v Keller*, 208 AD2d 1006, 1008 [1994]; accord *Knapp v Hughes*, 25 AD3d 886, 890 [2006], *lv dismissed* 7 NY3d 921 [2006]). If such assertion is not based upon a written

instrument, the proponent must also produce evidence that the subject premises was " 'usually cultivated or improved' or 'protected by a substantial enclosure' " (*Gallas v Duchesne*, 268 AD2d 728, 729 [2000], quoting RPAPL 522 [1], [2]). The acts of improvement sufficient for these purposes "will vary with 'the nature and situation of the property and the uses to which it can be applied' " (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160 [1996], quoting *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 373 [1915]; *accord Robinson v Robinson*, 34 AD3d 975, 976 [2006], *lv denied* 8 NY3d 805 [2007]). When dealing with " 'wild and undeveloped land that is not readily susceptible to habitation, cultivation or improvement . . . the same quality of possession as residential or arable land' [will not be required]" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 160, quoting 7 Powell, Real Property, Adverse Possession ¶ 1012 [2]).

Here, plaintiffs proffered affidavits from their predecessors in interest, photographs and survey maps. Jean Dittrick stated that she and her husband purchased plaintiffs' property in 1956 as vacation property, using it with their family until 1972 when her husband sold it to their children, plaintiffs James Gallagher, Jr. and Cynthia Hevey and her husband, plaintiff Michael Hevey. Dittrick averred that there was a wire fence separating her property from neighbor Howard Hadsell, a predecessor in interest of defendant. Dittrick explained that Hadsell erected the fence to contain his dairy cows and that the disputed strip of property lies on plaintiffs' side of the fence; Hadsell never questioned whether the fence was the boundary line between the properties. Dittrick further stated that plaintiffs maintained and posted this fence until the 1990s when John Sherwood purchased defendant's property. These affidavits, either individually or in tandem, aver that when plaintiffs' family purchased the property, there was a working outhouse on the disputed parcel which was used until its destruction in 1984. Also present was a refuse dump which was ultimately bulldozed in or around 1957. Plaintiffs also claim to have installed a gravity-fed shower on the parcel and to have used such parcel for hunting, cross-country skiing, horseback riding and other recreational activities on a continuous basis for over 40 years. Finally, Gallagher noted that between 1970 and 1990, Sherwood twice requested and received permission from plaintiffs to used the disputed parcel.

Plaintiffs also produced a recent survey and an affidavit from Joanne Crum, a licensed surveyor. Her review of a 1987 survey completed on behalf of Sherwood concluded that the fence line was considered to be the actual boundary between these proper-

ties, even though defendant's property line was noted to extend past the fence line to include the disputed parcel. We agree that Crum's affidavit, photographs of the fence line through the years, testimony concerning the continuous use of the parcel throughout the years, as well as that addressing the maintenance of the fence, presented a prima facie showing by plaintiffs of entitlement to the disputed parcel by adverse possession (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 159-161; *Robinson v Robinson*, 34 AD3d at 977).

With the burden shifted to defendant to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), we are left to consider the duplicative affidavits from two of its members who were on the property two days a month since defendant's purchase in 2004. While they averred that they have never seen plaintiffs use or occupy the disputed strip, they failed to address the years prior to defendant's ownership. Defendant also presented a survey and affidavit from Richard Lape, a licensed surveyor, which primarily addressed the boundary line dispute. As to plaintiffs' claim of adverse possession, Lape merely stated that he did not find any indication that plaintiffs used the land. Finding this showing inadequate, and recognizing that we are precluded from addressing defendant's recent claim that plaintiffs should only be entitled to partial summary judgment due to their limited use since such issue was never raised before Supreme Court (*see Soich v Farone*, 307 AD2d 658, 660 [2003]; *Henry v Malen*, 263 AD2d 698, 703 [1999]), we affirm.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, with costs.