■ 2 NORTH STREET CORPORATION, Respondent, v GETTY SAUGERTIES CORPORATION, Appellant. [892 NYS2d 217]—

Peters, J.P.

Plaintiff and defendant own adjoining parcels of real property in the Town of Saugerties, Ulster County. Plaintiff's property consists of a shopping center and parking lot which was constructed in 1977 by its predecessor in interest and purchased by plaintiff in 1994. Defendant's property was developed for use as a gasoline station and opened for business in 1980. A fence runs close to the boundary line between the properties, but lies entirely on defendant's property. A narrow 0.129-acre strip of land between the boundary line and the fence (hereinafter referred to as the strip) is in dispute.

In June 2007, plaintiff commenced this action seeking a declaration that it has title to the strip by adverse possession. In its answer, defendant interposed counterclaims seeking, among other things, to quiet title. Thereafter, plaintiff moved for summary judgment. Defendant cross-moved for, among other things, summary judgment dismissing the complaint or, in the alternative, a continuance pursuant to CPLR 3212 (f) to allow for further discovery. Supreme Court granted plaintiff's summary judgment motion, finding that it had acquired title to the strip by way of adverse possession, and denied defendant's cross motion. Defendant's motion for leave to renew and/or reargue was denied. Defendant appeals.

Plaintiff was properly awarded summary judgment on its adverse possession claim. "To succeed on a claim of adverse possession, the possessor must establish by clear and convincing evidence that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (*Robinson v Robinson*, 34 AD3d 975, 976 [2006] [internal quotation marks and citations omitted], *lv denied* 8 NY3d 805 [2007]; *see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Larsen v Hanson*, 58 AD3d 1003, 1004 [2009]; *Gallagher v Cross Hill, LLC*, 45 AD3d 1013, 1013 [2007]). So long as the use is open, notorious and continuous for the 10-year period, hostility will be presumed (*see Goss v Trombly*, 39 AD3d 1128, 1129 [2007]; *Fatone v Vona*, 287 AD2d 854, 856 [2001]). Moreover, where, as here, the claim of title is not founded upon a written instrument, it must also be established that the disputed premises was "usually cultivated or improved" or "protected by a substantial enclosure" (RPAPL former 522 [1], [2]; *see Gallagher v Cross Hill, LLC*, 45 AD3d at 1013-1014; *Comrie, Inc. v Holmes*, 40 AD3d 1346, 1346-1347

[2007], *lv denied* 9 NY3d 815 [2007]; *Goss v Trombly*, 39 AD3d at 1129).[1]

Plaintiff proffered photographs, a survey map and affidavits from Martin Rogowsky and Steve Rogowsky, its two principal owners and officers, as well as an affidavit from William Parr, a contractor who has maintained the strip since 1980 on behalf of plaintiff's predecessor and since 1994 on plaintiff's behalf. The affidavits establish that, after the fence was erected in 1980 separating the strip from the rest of defendant's property, plaintiff's predecessor in interest hired Parr to fill and seed the strip, which was then a marshy area. Since that time, Parr has continuously and on a regular basis maintained the strip's grass, planted vegetation, removed rubbish and debris, and deposited snow plowed from plaintiff's parking lots upon it. Parr averred that no one has ever objected to his activities, nor has anyone representing defendant granted him permission to perform them. He further averred that he has never been informed that anyone other than plaintiff and its predecessor owned the strip and that no one other than his company, on behalf of plaintiff or its predecessor, has performed such work. Both Martin Rogowsky and Steve Rogowsky stated that, since plaintiff's purchase in 1994, defendant has never objected to plaintiff's agents, employees or contractors going onto the strip, nor has permission to do so been granted. Rather, they believed that they owned the strip and exclusively maintained it as their own even though it was not included in their deed description. This evidence of plaintiff's continuous use and maintenance of the strip exemplified its possession as open and notorious, constituting notice to others that it was claiming an adverse and hostile interest in it (*see Robinson v Robinson*, 34 AD3d at 977; *Moore v City of Saratoga Springs*, 296 AD2d 707, 709-710 [2002]).

With respect to the requirement of usual cultivation or improvement,[2] the type of acts necessary to satisfy this mandate "will vary with 'the nature and situation of the property and the uses to which it can be applied' and must 'consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners' " (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160 [1996], quoting *Ramapo Mfg. Co. v Mapes*, 216 NY 362, 373 [1915]; *accord Gallagher v Cross*

1. RPAPL 522 was amended on July 7, 2008, subsequent to Supreme Court's decision in this action (*see* L 2008, ch 269).

2. Inasmuch as plaintiff supplied no proof as to who installed or maintained the fence, Supreme Court properly found that plaintiff failed to establish that the strip was protected by a substantial enclosure and, therefore, could rely only on the usual cultivation or improvement requirement (*see* RPAPL former 522 [1], [2]).

*Hill, LLC*, 45 AD3d at 1014; *Goss v Trombly*, 39 AD3d at 1129). Notwithstanding defendant's assertions to the contrary, Parr's activities on behalf of plaintiff and its predecessor over a period of 27 years were consistent with the nature, location and potential use of this property—a narrow strip of grass between two commercial businesses (*see Moore v City of Saratoga Springs*, 296 AD2d at 709-710; *Fatone v Vona*, 287 AD2d at 857; *Boeheim v Vanarnum*, 207 AD2d 582, 583 [1994]; *Franzen v Cassarino*, 159 AD2d 950, 952 [1990]; *Woodrow v Sisson*, 154 AD2d 829, 831 [1989]).[3] Based on this proof, plaintiff made a prima facie showing of entitlement to the strip by adverse possession.

With the burden shifted to defendant to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gallagher v Cross Hill, LLC*, 45 AD3d at 1015), defendant proffered the affirmations from its attorney and affidavits of an executive vice-president of its parent corporation. The affirmations of defendant's attorney, who had no personal knowledge of the operative facts, were without probative value and consequently insufficient to defeat the motion (*see Dukett v Wilson*, 31 AD3d 865, 869 [2006]; *Wagman v Village of Catskill*, 213 AD2d 775, 778 [1995]). Further, the bare conclusory assertions by the executive vice-president of defendant's parent corporation, which were unsupported by any independent factual basis, were insufficient to raise a triable issue of fact (*see Golden Hammer Auto Body Corp. v Consolidated Rail Corp.*, 151 AD2d 545, 546 [1989]; *see generally Zuckerman v City of New York*, 49 NY2d at 562). Although defendant submitted affidavits alleging that, in May 2007, plaintiff unsuccessfully negotiated to purchase its property, including the strip, a possessor's offer to purchase made after the 10-year statutory period has run will not defeat a valid claim of adverse possession (*see Larsen v Hanson*, 58 AD3d at 1005; *Posnick v Herd*, 241 AD2d 783, 785 [1997]). Thus, in the absence of any proof raising a triable issue of fact, Supreme Court properly granted plaintiff summary judgment on its adverse possession claim.

Nor are we persuaded that plaintiff's summary judgment motion should have been denied as premature. Although "[a] motion for summary judgment may be opposed with the claim that

---

3. To the extent that defendant now claims that plaintiff should not be able to "tack" on the use and activities of plaintiff's predecessor in interest—particularly the filling and seeding of the strip—this issue is unpreserved for our review because defendant failed to raise it before Supreme Court (*see Gallagher v Cross Hill, LLC*, 45 AD3d at 1015; *Maricevic v Prober*, 305 AD2d 834, 834-835 [2003]).

facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party" (*Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]; *see* CPLR 3212 [f]; *Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 [2009]), the party opposing the motion must make an *evidentiary* showing to support that conclusion (*see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]; *Odorizzi v Otsego N. Catskills Bd. of Coop. Educ. Servs.*, 307 AD2d 490, 492 [2003]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]). Here, defendant's proof fell short of the required showing, and its speculation that the discovery process may yield evidence sufficient to defeat the motion is not enough (*see Clochessy v Gagnon*, 58 AD3d 1008, 1010 [2009]; *Lerwick v Krna*, 29 AD3d 1206, 1209 [2006], *lv denied* 7 NY3d 712 [2006]). Thus, we decline to disturb Supreme Court's discretionary determination on this issue.

Finally, we are unpersuaded that Supreme Court erred in denying defendant's motion for renewal.[4] " '[A] motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted' " (*Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007], quoting *Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *see* CPLR 2221 [e]; *Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d 834, 837 [2005], *lv dismissed and denied* 5 NY3d 846 [2005]). Here, the alleged "newly discovered evidence" consisted of a purported written agreement—which was not produced—between defendant's parent corporation and a third-party entity, KTB Associates, pursuant to which KTB allegedly agreed to perform certain improvements on defendant's premises. This evidence, however, was not provided in defendant's initial moving papers but only in its reply papers and, therefore, Supreme Court acted well within its discretion in declining to consider it (*see N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923 [2000]). Moreover, defendant failed to proffer any justifiable excuse for its failure to offer such evidence in opposition to plaintiff's summary judgment motion (*see Kahn v Levy*, 52 AD3d 928, 929 [2008]). "Renewal is not a means by which to remedy the failure to present evidence which, with due diligence, could have been produced at the time of the original motion" (*id.* at 930 [citations omitted];

---

4. We note that the denial of that portion of defendant's motion seeking reargument is not appealable (*see Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922 [2000]).

*see Cippitelli v County of Schenectady*, 307 AD2d 658 [2003]). Finding no abuse of discretion, we will not disturb Supreme Court's decision to deny the renewal motion (*see First Union National Bank v Williams*, 45 AD3d 1029, 1030 [2007]; *Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d at 838).

Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.