██ COMRIE, INC., et al., Appellants, v LAKE AVENUE, INC., Respondent. [928 NYS2d 106]—

Rose, J.██

Plaintiffs commenced this action in 2010 claiming title by adverse possession to a parcel of real property located between property owned by plaintiff Comrie, Inc. and defendant's property in the City of Gloversville, Fulton County. This was not, however, the first time that this claim had been made. Comrie had obtained title to its property in 1999 from plaintiff Mark Towne, who became a shareholder of Comrie as part of the transaction. In an action commenced in 2004, Comrie, as the owner of adjoining property, sought to establish an adverse possession claim to the disputed parcel. When defendant moved for summary judgment dismissing the 2004 action, Supreme Court (Sise, J.) granted the motion based on Comrie's failure to oppose it with sufficient evidence establishing its predecessor Towne's adverse possession of the disputed parcel prior to 1999. We affirmed (*Comrie, Inc. v Holmes*, 40 AD3d 1346 [2007], *lv denied* 9 NY3d 815 [2007]). In this action, Supreme Court (Giardino, J.) granted defendant's pre-answer motion to dismiss based on res judicata and plaintiffs' inability to establish a claim of right. Plaintiffs appeal.

We affirm. It is well settled that the doctrine of res judicata bars relitigation of claims that either were or could have been raised in a prior action "provided that the party to be barred had a full and fair opportunity to litigate any cause of action

---

arising out of the same transaction and the prior disposition was a final judgment on the merits" (*Kinsman v Turetsky*, 21 AD3d 1246, 1246 [2005], *lv denied* 6 NY3d 702 [2005]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). In the prior action, the question of whether Comrie could establish adverse possession of the disputed parcel for the 10-year period from 1994 to 2004 was clearly at issue as it was required to establish that its occupancy of the parcel was under claim of right, open and notorious, continuous, exclusive and actual for at least 10 years (*see* RPAPL former 501; CPLR 212 [a]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]). Based on Comrie's failure to tack its predecessor's adverse possession to its own so as to establish the required elements for the requisite period of time, that adverse possession claim was dismissed on the merits after a fully submitted motion for summary judgment. Accordingly, Comrie is barred by res judicata from relitigating that claim (*see Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]; *Beck v Eastern Mut. Ins. Co.*, 295 AD2d 740, 741-742 [2002]; *Hyman v Hillelson*, 79 AD2d 725, 727 [1980], *affd* 55 NY2d 624 [1981]). Further, contrary to plaintiffs' contention, and as we have previously noted, Supreme Court (Sise, J.) did not raise the issue of tacking sua sponte (*Comrie, Inc. v Holmes*, 40 AD3d at 1347 n).

As for plaintiffs' contention that Towne's action is not barred by res judicata because he was not a party to the prior action, we note that his only interest in the property is based on his status as a shareholder of Comrie. As a shareholder, he is in privity with Comrie and bound by the order in the prior action (*see Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]; *Evergreen Bank v Dashnaw*, 246 AD2d 814, 816-817 [1998]). To the extent that plaintiffs also argue that Comrie has now adversely possessed the property for 10 years measured from when it took title in 1999 and, thus, is now asserting a different adverse possession claim, we agree with Supreme Court (Giardino, J.) that the prior, failed attempt to establish adverse possession negates Comrie's claim of right (*see* RPAPL 501 [3]). The parties' remaining contentions have been considered and found to be unavailing.

Peters, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.