■ LLOYD A. MAYVILLE et al., Appellants, v DALE R. WEBB, Respondent. [699 NYS2d 532] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 8, 1999 in St. Lawrence County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs and defendant own adjoining property in the Town of Russell, St. Lawrence County. Plaintiffs, who purchased their property in 1991, commenced this action pursuant to

RPAPL article 15 in 1997 to establish their title by adverse possession to a 14-acre parcel which adjoins their property and is included in the property described in defendant's deed. After issue was joined and discovery was conducted, the parties moved for summary judgment. Supreme Court granted defendant's motion, dismissed the complaint and denied plaintiffs' cross motion. Plaintiffs appeal.

To acquire title to the 14-acre parcel by adverse possession, plaintiffs must satisfy the common-law requirement of proving by clear and convincing evidence that the character of their possession of the property is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory 10-year period (*see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159). Inasmuch as their claim is not founded on a written instrument, plaintiffs must also satisfy the statutory requirement of establishing possession and occupancy of the 14-acre parcel by proof that it was "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; *see, Ray v Beacon Hudson Mtn. Corp., supra*, at 160).

Defendant met his burden as the proponent of a summary judgment motion with evidence that the wooded 14-acre parcel was not regularly cultivated, improved or enclosed and that, in fact, "aside from certain actions taken by the plaintiff[s] since 1992 shows no signs of human use, activity or adverse possessory interest". Plaintiffs' reliance on the old fence along what they claim as the boundary is misplaced, for there is no evidence that plaintiffs or their predecessors in title erected or maintained the fence (*see, Mohawk Paper Mills v Colaruotolo*, 256 AD2d 924, 926). While plaintiffs submitted evidence that since 1979 their predecessors in title hunted on the parcel, collected firewood and cleared brush, there is no evidence of the frequency or duration of the activities, which are important factors in determining whether actual possession of land has been continuous (*see, Ray v Beacon Hudson Mtn. Corp., supra*, at 160). Despite the wild and undeveloped character of the 14-acre parcel, the minimal and apparently sporadic activities alleged by plaintiffs are insufficient to demonstrate the requisite usual cultivation or improvement (*see, Andersen v Mazza*, 258 AD2d 726; *Krol v Eckman*, 256 AD2d 945, 947; *Winchell v Middleton*, 226 AD2d 1009, 1010; *compare, Ray v Beacon Hudson Mtn. Corp., supra*, at 161). Supreme Court, therefore, correctly granted summary judgment to defendant.

Mikoll, J. P., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.