Mercure, J.P.
Appeal from that part of a judgment of the Supreme Court (LaBuda, J.), entered December 1, 2011 in Sullivan County, upon a decision of the court in favor of plaintiff Rachel Robbins.
In 1977, plaintiffs purchased an unimproved lot that bordered Edgewood Lake in the Town of Rockland, Sullivan County. They built a house on their land, known as lot 8, for use as a weekend and vacation residence. In 1992, defendant Susan Schiff became the fee owner of lot 6, upon which her parents previously had built a single-family residence, and lot 7, which consisted of approximately two acres of undeveloped land immediately adjacent to lot 8. Plaintiffs commenced this action in 2007, seeking a declaratory judgment granting them title by adverse possession to a .17-acre portion of lot 7 (hereinafter the disputed area). Following a bench trial, Supreme Court awarded plaintiff Rachel Robbins title to the disputed area, and awarded defendants $20,000 for certain property damage. Defendants appeal from that part of the judgment awarding title to the disputed area, and we now reverse that part of the judgment.
To establish their claim of adverse possession, plaintiffs were required to demonstrate by clear and convincing evidence that their possession of the disputed area was “(1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)” (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; see Ray v Beacon Hudson Mtn. Corp., 88 *1216 NY2d 154, 159 [1996]). Where, as in this case, the claim was not founded upon a written instrument describing the boundaries of the property, the law in effect during the relevant statutory period required the party asserting an adverse possession claim to “establish that the land was ‘usually cultivated or improved’ or ‘protected by a substantial inclosure’ ” (Estate of Becker v Murtagh, 19 NY3d at 81, quoting RPAPL former 522; see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1393 [2009], lv denied 14 NY3d 706 [2010]). The type of acts constituting the required improvement or cultivation varied “with ‘the nature and situation of the property and the uses to which it [could] be applied’ and . . . ‘consisted] of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners’ ” (Ray v Beacon Hudson Mtn. Corp., 88 NY2d at 160, quoting Ramapo Mfg. Co. v Mapes, 216 NY 362, 373 [1915]; accord 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d at 1394; Goss v Trombly, 39 AD3d 1128, 1130 [2007]). Moreover, “the area acquired by adverse possession is limited to that actually occupied and possessed” (Krol v Eckman, 256 AD2d 945, 947 [1998]; see Gorman v Hess, 301 AD2d 683, 686 [2003]).
Defendants’ primary argument is that plaintiffs failed to sustain their burden to show by clear and convincing evidence that they “usually cultivated or improved” the disputed area from 1989 to 1999, the 10-year statutory period that was considered by Supreme Court and that the parties address on this appeal. In its decision, the court stated that Robbins convincingly testified that plaintiffs had cleared the disputed area by 1983 and continuously mowed, weed-whacked and cleared that property until 2006. The court relied, in part, upon the testimony of William Crawbuck, defendants’ aerial photography expert who had located United States Geodetic Survey photographs of the parties’ property taken in 1997, 2001, 2004 and 2006. The court opined that “Crawbuck’s testimony and the aerial photographs confirm the fact that [plaintiffs] had, indeed, created a lawn, and cultivated and mowed within the ‘Disputed Area.’ ”
The photographs, however, cover only two years of the 10-year statutory period, and Crawbuck testified that the photographs demonstrate that “[i]n 1997 through 2004 there is a small amount of lawn that appears to overlap the line” into the disputed area. Crawbuck specified that by “a small amount” of overlap during the statutory period, he meant “a few feet.” While he stated that the lawn extended into the disputed area “[m]uch more in 2006,” evidence relating to events after 1999 is not relevant (see Gorman v Hess, 301 AD2d at 685). Crawbuck *1217 further indicated that the 1997 and 2001 photographs showed that the disputed area had not been seeded, graded or cleared. In addition, Supreme Court relied upon the testimony of James Powell—a landscaper who provided services to the parties—in determining that plaintiffs had mowed the disputed area during the relevant time period. But Powell did not work for plaintiffs until after the relevant period. During the statutory time period, Powell explained, he maintained the disputed area in a wild state for defendants.
Our review of the record reveals very little other evidence to suggest that plaintiffs cleared, mowed and maintained the disputed area, with the exception of their own testimony and photographs that are primarily undated or depict the disputed area outside the relevant time frame. Plaintiffs submitted checks dated from 1989 to 1999 that were given to a landscaper who maintained their property, but the checks give no indication as to where services were performed. Furthermore, plaintiffs did not adequately specify dates or details regarding where and when trimming and clearing occurred on the disputed parcel. While plaintiffs did submit photographs depicting outdoor furniture in a portion of the disputed area in 1994 and 1998, there is no indication as to how long the furniture remained there or whether it was moved to different locations within or outside the disputed area. Indeed, several disinterested witnesses testified that they saw such furniture only on plaintiffs’ lot, rather than in the disputed area. Plaintiffs further conceded that many of the recreational activities that they undertook in the disputed area—such as hitting golf balls and planting a garden—took place either prior to or after, rather than during, the statutory time frame; although they also engaged in archery practice in the disputed area, they brought in the target after each use.
Giving substantial deference to Supreme Court’s credibility determinations—including the court’s conclusion that Crawbuck and Powell were credible witnesses—we conclude that plaintiffs’ vague testimony did not establish by clear and convincing evidence that they ever cultivated and improved the entire .17 acre of the disputed area, or that they usually cultivated and improved even a small portion of the disputed area for the full 10-year requisite time period. That is, the minimal and sporadic use that was demonstrated is insufficient, as a matter of law, to constitute the requisite cultivation or improvement (see Mayville v Webb, 267 AD2d 711, 712 [1999]; Lobdell v Smith, 261 AD2d 675, 676 [1999]; Krol v Eckman, 256 AD2d at 947; Winchell v Middleton, 226 AD2d 1009, 1010 [1996]; cf. Gorman v Hess, 301 *1218 AD2d at 684; Wagman v Village of Catskill, 213 AD2d 775, 777-778 [1995]). Further, in light of Powell’s testimony that he cared for the disputed area for defendants, plaintiffs cannot establish the “exclusivity” element, which requires a showing that “the adverse possessor . . . alone care[d] for or improve[d] the disputed property as if it were his/her own” (Estate of Becker v Murtagh, 19 NY3d at 83). Accordingly, inasmuch as plaintiffs failed to prove by clear and convincing evidence that they acquired the disputed area by adverse possession, Supreme Court erred in awarding title to Robbins.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is modified, on the law, with costs to defendants, by reversing so much thereof as awarded title of a .17-acre portion of property to plaintiff Rachel Robbins, and, as so modified, affirmed. [Prior Case History: 33 Mise 3d 1218(A), 2011 NY Slip Op 51969(C).]