Garry, J.
Appeal from an order and judgment of the Supreme Court (Nolan Jr., J.), entered March 30, 2012 in Saratoga County, which, in an action pursuant to RPAPL article 15, among other things, granted plaintiffs’ motion for summary judgment.
In 1939, George Rossi purchased a small parcel of land in the Town of Galway, Saratoga County that was improved by a seasonal-use cabin. George Rossi apparently transferred ownership of the parcel to his brother, Peter Rossi, in 1947. Peter Rossi allegedly predeceased his brother, and died intestate. George Rossi continued to seasonally occupy the parcel until his death in 1976; he never married and also died intestate. Plaintiffs, who claimed to have developed a close personal relationship with George Rossi, took possession of the parcel after his death and commenced this action in 2010, seeking to quiet title to the parcel by adverse possession. As plaintiffs did not know the identity of any existing heirs of the Rossi brothers, they sought and were granted an order permitting service by publication. Two great nephews and a great niece of both George Rossi and Peter Rossi (hereinafter defendants) answered and counterclaimed for judgment to quiet title in their favor. Following discovery, which yielded the identities of additional distributees, plaintiffs moved for summary judgment as against the *1374 answering defendants, and sought a default judgment against the nonappearing distributees. Supreme Court granted the motion in its entirety, and defendants appeal.
Initially, as defendants failed to challenge the propriety or adequacy of the service of process by publication in their answer, and instead appeared and defended the action, the issue is waived and they are now precluded from raising it on appeal (see CPLR 3211 [a] [8]; [e]; Matter of Fry v Village of Tarrytown, 89 NY2d 714, 720-722 [1997]; Page v Marusich, 30 AD3d 871, 873 [2006]).
As for the merits, to successfully acquire title by adverse possession, plaintiffs must establish by clear and convincing evidence that their occupation of the property was “(1) hostile and under a claim of right . . . , (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)” (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; see RPAPL former 521).[1] Additionally, because plaintiffs’ “claim was not founded upon a written instrument describing the boundaries of the property,” they were required to “establish that the land was usually cultivated or improved or protected by a substantial inclosure” (Robbins v Schiff, 106 AD3d 1215, 1216 [2013] [internal quotation marks and citation omitted]; see RPAPL former 522).
In support of their motion for summary judgment, plaintiffs submitted evidence that, since the time of George Rossi’s death in 1976, they have enjoyed the exclusive use and possession of the property, have paid the taxes and made repairs upon the property, and have permitted various family members to use and reside upon the property. In 1990, plaintiffs improved the cabin to make it suitable for year-round use, and have used it throughout the year since that time. According to plaintiffs, no one else has had possession or control of the property since they first took it more than 35 years ago. The evidence established that the last contact that defendants had with the property occurred prior to George Rossi’s death. On this record, plaintiffs met their burden of demonstrating that they obtained title to the property by adverse possession, thereby shifting the burden *1375 to defendants to raise a triable issue of fact (see McKeag v Finley, 93 AD3d 925, 927 [2012]).[2]
Plaintiffs’ evidence that their possession was “accompanied by the usual acts of ownership” created a presumption of hostility that could be rebutted by defendants by showing either that plaintiffs sought permission from the record owner to take possession of the property or that a “close and cooperative relationship between the record owner” and plaintiffs existed (Estate of Becker v Murtagh, 19 NY3d at 81-82). Here, defendants merely asserted in a conclusory fashion that the element of hostility was not met because plaintiffs took possession of the property “on a consensual basis.”
Critically, at the time that plaintiffs took possession of the property, the individuals with an ownership interest in the property were the heirs of Peter Rossi, including defendants and the nonappearing distributees. Defendants’ argument apparently relies upon plaintiffs’ inadmissible allegation that George Rossi intended for plaintiffs to take the property after his death. However, George Rossi was not the record owner of the property at the time of his death, and so his purported grant of permission had no legal effect. Even assuming that he had been the owner, his alleged desire to gift the property to plaintiffs after his death is irrelevant; defendants and the other distributees were the individuals with any right to a claim of ownership to the property at the time plaintiffs took possession. It is against their interest — not George Rossi’s — that the nature of plaintiffs’ possession is defined.[3] Defendants have failed to present any facts suggesting that plaintiffs’ possession was not hostile to their interests. Accordingly, Supreme Court properly granted plaintiffs’ motion for summary judgment (see DMPM Prop. Mgt., LLC v Mastroianni, 82 AD3d 1332, 1334 [2011]).
Finally, defendants lack standing to appeal the entry of a default judgment against the nonappearing distributees, or to challenge the propriety of service upon those persons, as defendants are not aggrieved by those determinations (see CPLR 5511; Vanderlyn v Daly, 97 AD3d 1053, 1055 n 3 [2012], lv denied 20 NY3d 853 [2012]).
*1376 Rose, J.P., Stein and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

. The 2008 amendments to RPAPL article 5 are not applicable in this case because plaintiffs’ title allegedly vested by adverse possession prior to the effective date of those amendments (see L 2008, ch 269; Estate of Becker v Murtagh, 19 NY3d at 81 n 4; Barra v Norfolk S. Ry. Co., 75 AD3d 821, 825-826 [2010]).

. Contrary to defendants’ contention, Supreme Court expressly — and appropriately — determined that any evidence submitted by plaintiffs in support of their motion for summary judgment regarding personal dealings or communications with either deceased Rossi brother was “clearly precluded by the Dead Man’s Statute” (see CPLR 4519).

. Nor does our holding in Chaner v Calarco (77 AD3d 1217, 1219 [2010], lv denied 16 NY3d 707 [2011]) compel a different result, as defendants contend. Here, we have neither proof of permissive use granted by the former title owner nor any evidence whatsoever supporting the allegation of continuing permission by defendants.