## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 10, 2014                516633
_____

STEPHEN SALERNO,

                    Respondent,

          v                              MEMORANDUM AND ORDER

C.E. KIFF, INC.,

                    Appellant.
_____

Calendar Date:  June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

          Neroni Law Office, Delhi (Tatiana Neroni of counsel), for appellant.

          Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, Albany (Robert A. Panasci of counsel), for respondent.

_____

Stein, J.P.

          Appeal from an amended order of the Supreme Court (Lambert, J.), entered January 15, 2013 in Delaware County, which, among other things, granted plaintiff's cross motion for partial summary judgment.

          In May 2005, plaintiff acquired title from Kerr Motors to certain real property located on Depot Street in the Town of Delhi, Delaware County (hereinafter the Kerr property). Following the dedication of certain portions of Depot Street to the Village of Delhi in 1979, the Kerr property was separated into two smaller parcels: a 1.4-acre parcel on the east side of Depot Street and a .15-acre parcel on the west side (hereinafter the disputed parcel). Defendant is the owner of a parcel of real property on Depot Street that is contiguous to the disputed

parcel.

In 1996, plaintiff's brother, Anthony Salerno, who owned property adjacent to the Kerr property, entered into an agreement with Kerr to lease the Kerr property for use in conjunction with his logging business, and he began to use the property on both the east and west sides of Depot Street on a daily basis. In May 2005, plaintiff purchased the Kerr property, with Kerr holding a mortgage in conjunction with the sale. In exchange for the continued use of the Kerr property, Salerno thereafter made the mortgage payments to Kerr in lieu of paying rent to plaintiff.

Subsequently, defendant's president approached Salerno about purchasing both his property and the Kerr property. While details regarding a possible land swap were being discussed, defendant informed plaintiff that it had purchased the mortgage on the Kerr property and, believing that plaintiff was in default, threatened foreclosure. During negotiations regarding the amount of the outstanding mortgage, defendant offered to accept a deed to the disputed parcel in full satisfaction of the mortgage. However, plaintiff elected instead to pay the balance of the mortgage in its entirety.

Around this time, defendant completed construction on a new 7,000-square-foot building and garage — part of which was erected on the disputed parcel — and graded the remainder of the disputed parcel for use in accessing the garage. Salerno thereafter informed defendant that it did not have permission to use plaintiff's property, but that plaintiff was still willing to sell the disputed parcel to defendant on mutually agreeable terms. When defendant failed to respond and persisted in using plaintiff's property, Salerno eventually placed a log on the disputed parcel to impede defendant's access to the garage.

In February 2011, plaintiff commenced this action pursuant to RPAPL 871 seeking, among other things, a permanent injunction against defendant's encroachment and/or money damages. In its answer to the complaint, defendant asserted, among other things, various affirmative defenses. Defendant thereafter moved for summary judgment, asserting that it had established ownership of the disputed parcel by adverse possession, and sought an

injunction barring plaintiff from installing any obstructions thereon.  Plaintiff cross-moved, seeking partial summary judgment with respect to the issue of whether defendant's building was encroaching upon his property and dismissing defendant's affirmative defenses and request for injunctive relief.  Supreme Court denied defendant's motion, granted partial summary judgment to plaintiff and dismissed defendant's affirmative defenses, with one exception not at issue here.  Upon defendant's appeal, we now affirm.

We reject defendant's contention that Supreme Court erred in granting partial summary judgment to plaintiff.  With respect to his cross motion, plaintiff had the threshold burden of making a prima facie showing that he owned the disputed parcel and that defendant's building was constructed, at least in part, thereon (see RPAPL 871 [1]; Skyview Motel, LLC v Wald, 82 AD3d 1081, 1082 [2011]; Christopher v Rosse, 91 AD2d 768, 769 [1982]; Duggan v Hyland, 50 AD2d 1066, 1066 [1975]; see generally Bergstrom v McChesney, 92 AD3d 1125, 1126 [2012]).  To that end, plaintiff proffered the 2005 deed by which he acquired title to the Kerr property, together with the sworn affidavit of a licensed surveyor, who prepared a survey and opined that plaintiff was the lawful owner of the disputed parcel and that defendant's building encroaches on said parcel by as much as 10.4 feet at its widest point.

Thus, the burden shifted to defendant to raise a triable issue of fact, which it attempted to do by asserting that it had acquired title to the disputed parcel by adverse possession.  To establish adverse possession, defendant was required to demonstrate, by clear and convincing evidence, that its possession was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required [10-year] period" (Walling v Przybylo, 7 NY3d 228, 232 [2006]; see Quinlan v Doe, 107 AD3d 1373, 1374 [2013], lv denied 22 NY3d 854 [2013]; Ziegler v Serrano, 74 AD3d 1610, 1611-1612 [2010], lv denied 15 NY3d 714 [2010]).  Additionally, where, as here, the claim of right is not founded upon a written instrument, it was necessary for defendant to "establish that the land was 'usually cultivated or improved' or 'protected by a substantial inclosure'" (Estate of Becker v Murtagh, 19 NY3d 75,

81 [2012], quoting RPAPL former 522; accord Robbins v Schiff, 106
AD3d 1215, 1216 [2013]).  Upon our review of the record, we agree
with Supreme Court's conclusion that defendant failed to raise an
issue of fact with respect to more than one of these elements.

Specifically, defendant has failed to establish that its
use of the disputed parcel was continuous or exclusive.  The only
relevant evidence submitted by defendant consisted of the
affidavits of two of its employees, one of whom worked from the
early 1960s until 1985 and the other from 1987 to 2011.  These
employees simply alleged that vehicles belonging to defendant and
its employees and customers were driven and parked on the Kerr
property "all the time" without apparent complaint from Kerr.
This generalized statement did not sufficiently establish the
frequency or duration of such activity, important factors in
determining whether actual possession was continuous (see
Mayville v Webb, 267 AD2d 711, 712 [1999]; Kitchen v Village of
Sherburne, 266 AD2d 786, 787-788 [1999]; see generally Ray v
Beacon Hudson Mtn. Corp., 88 NY2d 154, 160 [1996]; Robbins v
Schiff, 106 AD3d at 1217).  Defendant also failed to raise an
issue of fact regarding the element of exclusivity, as it offered
no evidence that it exercised exclusive possession and control of
the disputed parcel (see Estate of Becker v Murtagh, 19 NY3d at
83; Brocco v Mileo, 144 AD2d 200, 201 [1988]).[1]  Finally,
defendant presented no evidence that it cultivated or improved
the disputed parcel during the relevant period.[2]  Although
defendant contends that its title through adverse possession
vested sometime during the 1980s, the only indicia of improvement
were affidavits stating that plowing was performed and repairs
were made after 2002 and that an old building was removed and the

---

[1]  Although, inasmuch as defendant did not meet its burden
in this regard, it is unnecessary for us to consider plaintiff's
proof, we note that plaintiff submitted evidence that, among
other things, a building owned by Kerr (followed by plaintiff)
occupied the disputed parcel until approximately 2001, that Kerr
used the parcel for its business until 1995 and that Salerno has
used the parcel for his business since approximately 1997.

[2]  Defendant never asserted that the property was inclosed.

property graded in preparation for the construction of defendant's building. Accordingly, Supreme Court properly granted plaintiff's cross motion for partial summary judgment and denied defendant's motion with regard to its claim of adverse possession and request for related relief.[3]

We have examined defendant's remaining contentions and, to the extent they are properly before us, find them to be lacking in merit.

McCarthy, Garry, Lynch and Devine, JJ., concur.

ORDERED that the amended order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Because we find that defendant failed to raise a triable issue of fact with regard to adverse possession under RPAPL article 5 as it existed before the 2008 legislative amendments, we need not address its contention that Supreme Court unconstitutionally applied those amendments to this action.